IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

SEDILLO ELECTRIC and
TELESFOR SEDILLO,

      Plaintiffs,

v.                                      CV 15-1172 RB/WPL

COLORADO CASUALTY INSURANCE COMPANY,
LIBERTY MUTUAL INSURANCE COMPANY,
OEERLESS INDEMNITY INSURANCE COMPANY, and
BAKER INSURANCE SERVICES, L.L.C.,

      Defendants.

**ORDER DENYING PLAINTIFFS' EMERGENCY REQUEST**

Plaintiffs filed two cases in state court to recover damages for hail and for vandalism and theft. The cases had a complicated procedural history in state court before they were removed to federal court on December 30, 2015. (Doc. 1.) In the Notice of Removal, Colorado Casualty Insurance Company, Liberty Mutual Insurance Company and Peerless Indemnity Insurance Company (the Insurance Defendants) assert that Baker Insurance Services was fraudulently joined as a defendant in this case. (*Id*.) The procedural complexity continues in federal court, as there are numerous motions pending before the assigned district judge. (*See* Docs. 9, 10, 20, 23, 24 and 25; *see also Sedillo Electric, et al v. Colorado Casualty Insurance Company, et al*, No. Civ. 16-43 WPL/LF.)

On January 25, 2016, Plaintiffs filed an Emergency Request to take a one-hour deposition on January 27, 2016, of Steve Harkness, an adjuster for Liberty Mutual Insurance Company. (Doc. 29.) Plaintiffs claim that they have until February 1, 2016, to file a Motion to Remand, and

that they can determine the necessity of such motion only by doing discovery on whether the Insurance Defendants will raise a false application defense or other defenses to Plaintiffs' claims based on the words or conduct of Brandy Jojola, president of Baker Insurance Services.

I deny Plaintiffs' request to take Mr. Harkness's deposition. Mr. Harkness denied Plaintiffs' claim for vandalism and theft by letter dated August 6, 2015. At the appropriate time he may deposed about his actions relating to this case. However, whether the Insurance Defendants will raise a false application defense or other defense is legal strategy, and it is possible that Liberty Mutual will not designate Mr. Harkness as its Rule 30(b)(6) representative or for any purpose beyond testifying to factual matters. Further, the Insurance Defendants removed this case on December 30, 2015. On January 15, 2016, Plaintiffs stated that they "have decided not to file a motion to remand and accept the federal jurisdiction of this Court." (Doc. 19 at 2.) While Plaintiffs may change their mind about legal strategy, they waited until January 23, 2016 to request Harkness's deposition a mere four days later, and Plaintiffs should not be rewarded for their lack of diligence.

Therefore, Plaintiffs' Emergency Request is hereby denied.

IT IS SO ORDERED.

*William P. Lynch*
William P. Lynch
United States Magistrate Judge

A true copy of this order was served
on the date of entry--via mail or electronic
means--to counsel of record and any pro se
party as they are shown on the Court's docket.