IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

SEDILLO ELECTRIC and
TELESFOR SEDILLO,

      Plaintiffs,

v.                                        No. 1:15-cv-01172 RB/WPL

COLORADO CASUALTY INSURANCE COMPANY,
LIBERTY MUTUAL INSURANCE COMPANY, and
PEERLESS INDEMNITY INSURANCE COMPANY,

      Defendants.

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** came before the Court upon Plaintiffs' Motion for Extension of Time to File Attached Response to Defendants' Motion to Dismiss Plaintiffs' Amended Complaint. (Doc. 42.) Defendants oppose the motion. (Doc. 47.) Plaintiffs filed a reply and a declaration in support of their motion. Having considered the submissions of counsel and relevant law, the Court will **GRANT** the Motion.

**I.**    **Background**

On December 30, 2015, Defendants removed this matter from the Thirteenth Judicial District Court of the State of New Mexico. (Doc. 1.) On January 18–19, 2016, Defendants filed three motions to dismiss and a motion to strike. (Docs. 20, 23, 24, and 25.) From January 17–26, 2016, Plaintiffs' counsel was away from his office to take depositions in Memphis, New York City, and Chicago. (Docs. 43, 43-1, 43-2, 43-3, and 43-4.) Plaintiffs' counsel received the January 18–19 motions on his laptop while he was en route to New York. (Doc. 43.) Plaintiffs'

counsel was under the mistaken impression that Defendants had filed three, rather than four, motions.  (*Id.*)  While Plaintiffs' counsel was in New York, a severe snowstorm caused the cancellation of his flight.  (*Id.*)  When he returned to Albuquerque, Plaintiffs' counsel continued to operate under the mistaken impression that Defendants had filed three motions.  (*Id.*)  Contributing to Plaintiffs' counsel's confusion was the fact that the fourth motion (Doc. 25) is similar to an earlier motion to dismiss filed by Defendants.  (*Id.*)

Plaintiffs' response to the fourth motion to dismiss was due on February 5, 2016.  After Plaintiffs did not file a timely response, Defendants filed a Notice of Completion of Briefing on February 8, 2016.  (Doc. 39.)  On February 9, 2016, Plaintiffs' counsel realized his mistake and asked Defendants to agree to an extension of time to file a response.  (Doc. 43-1.)  Defendants refused.  However, Defendants agreed to extend the time for Plaintiffs to respond to another motion.  (Doc. 53.)  Plaintiffs filed Motion for Extension of Time to File Attached Response to Defendants' Motion to Dismiss Plaintiffs' Amended Complaint on February 10, 2016, and attached a copy of their response to the fourth motion.  (Doc. 43-1.)

**II.    Standard**

Rule 6 of the Federal Rules of Civil Procedure provides that "the court may, for good cause, extend the time . . . on motion made after the time has expired if the party failed to act because of excusable neglect."  Fed. R. Civ. P. 6(b)(1)(B).  Notably, the Supreme Court has stated that "Congress plainly contemplated that courts would be permitted, where appropriate, to accept late filings caused by inadvertence, mistake or carelessness, as well as by intervening circumstances beyond the party's control."  *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 388 (1993) (interpreting "excusable neglect" in the context of the federal

rules of bankruptcy procedure); *see also Panis v. Mission Hills Bank, N.A.*, 60 F.3d 1486, 1494 (10th Cir. 1995) (applying the *Pioneer* definition in the context of Rule 6(b)).

The Tenth Circuit has explained that good cause requires a showing of "good faith on the part of the party seeking the enlargement and some reasonable basis for noncompliance within the time specified." *In re Kirkland*, 86 F.3d 172, 175 (10th Cir. 1996) (quoting *Putnam v. Morris*, 833 F.2d 903, 905 (10th Cir. 1987)). Good cause "is not a particularly demanding requirement." *Stark-Romero v. Nat'l R.R. Passenger Co.*, 275 F.R.D. 544, 547 (D.N.M. 2011). Similarly "'excusable neglect' under Rule 6(b) is a somewhat 'elastic concept' and is not limited strictly to omissions caused by circumstances beyond the control of the movant." *Pioneer Inv. Servs.*, 507 U.S. at 395. "Excusable neglect" may include attorney inadvertence or negligence, provided certain mitigating circumstances are present. *Id.* at 395–97. The Tenth Circuit has recognized that "the determination whether a party's neglect is excusable 'is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission.'" *United States v. Torres*, 372 F.3d 1159, 1162 (10th Cir. 2004) (*quoting Pioneer Inv. Servs.*, 507 U.S. at 395).

**III.  Discussion**

Plaintiffs have shown excusable neglect in failing to file a timely response and good cause to extend the deadline. The fourth motion was filed on January 19, 2016. (Doc. 25.) The response was due by February 5, 2016. *See* D.N.M. LR-Civ. 7.4(a); Fed. R. Civ. P. 6(d). Plaintiffs' counsel was away from his office on a business trip from January 17 through 26, 2016. While he was traveling, a severe snowstorm required him to alter his travel plans. Defendants filed multiple motions over a brief period of time while Plaintiffs' counsel was away from his office. The fourth motion is similar to an earlier motion. After he learned that the

fourth motion was pending, Plaintiffs' counsel acted quickly and requested that defense counsel agree to extend the time.  After defense counsel refused, Plaintiffs' counsel filed the response as an attachment to his Motion for Extension of Time on February 10, 2016, which was five days after the response was due.  The brief delay caused no discernible impact on the judicial proceedings.  Indeed, Defendants agreed to extend the time for Plaintiffs to respond to another motion to dismiss.  Defendants have not demonstrated any danger of prejudice, other than having the Court consider the merits of the fourth motion.  Plaintiffs' counsel acted in good faith.  Under these circumstances, the Court finds, pursuant to Rule 6(b), that Plaintiffs have shown excusable neglect in failing to file a timely response to the fourth motion (Doc. 25) and good cause to extend the deadline for the response.

    **THEREFORE,**

    **IT IS ORDERED** that Plaintiffs' Motion for Extension of Time to File Attached Response to Defendants' Motion to Dismiss Plaintiffs' Amended Complaint (Doc. 42) is **GRANTED**.

    **IT IS FURTHER ORDERED** that the deadline for Plaintiffs to file a response to Defendants' Motion to Dismiss filed as Document 25 is extended to April 15, 2016.

_____
**ROBERT C. BRACK**
**UNITED STATES DISTRICT JUDGE**