IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**SEDILLO ELECTRIC and**
**TELESFOR SEDILLO,**

      **Plaintiffs,**

v.                                              No. 1:15-cv-01172 RB/WPL

**COLORADO CASUALTY INSURANCE COMPANY,**
**LIBERTY MUTUAL INSURANCE COMPANY,**
**PEERLESS INSURANCE COMPANY, AND**
**BAKER INSURANCE SERVICES, L.L.C.,**

      **Defendants.**

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** came before the Court on Defendant Colorado Casualty Insurance Company's Motion to Dismiss Plaintiffs' Amended Complaint as to Claims Against Colorado Casualty. (Doc. 24.) Plaintiffs filed a response (Doc. 46) and Defendants filed a reply. (Doc. 51.) Federal jurisdiction is based on diversity of citizenship. *See* 28 U.S.C. § 1332(a). Having considered the submissions of counsel and relevant law, the Court will **GRANT** the motion as to Plaintiffs' breach of contract claim and otherwise **DENY** the motion.

**I.  Background**

Plaintiff Telesfor Sedillo is the sole proprietor of Plaintiff Sedillo Electric and the owner of a building located at 1219 Main Street SE, Los Lunas, New Mexico (hereinafter "Property"). (Doc. 13.) Plaintiffs allege they were insured under the "joint insurance policy" issued by Defendants Colorado Casualty Insurance Company, Liberty Mutual Insurance Company, and

Peerless Indemnity Insurance Company.[1]  (Doc. 13.)  Plaintiffs allege that "Defendant Peerless, the underwriter for Defendants Liberty Mutual, Colorado Casualty and/or Peerless issued the purported policy on September 2, 2010, and . . . renewed the policy through September 2, 2013." (hereinafter "Policy")  (Doc. 1-2.)

On January 31, 2013, Plaintiffs made a claim for hail damage under the Policy (hereinafter "hail claim").  (Doc. 1.)  On March 22, 2013, Defendant Liberty Mutual denied the hail claim.  (*Id.*)  On December 23, 2013, Plaintiffs filed a lawsuit based on the denial of the hail claim in the Thirteenth Judicial District Court of the State of New Mexico.  *See Sedillo Electric, et al. v. Colorado Casualty Insurance, et al.,* No. D-1214-CV-2013-01427 (hereinafter "2013 Lawsuit").  Therein, Plaintiffs seek damages for breach of insurance contract, the tort of bad faith insurance conduct, breach of the covenant of good faith and fair dealing, violation of equitable principles, unfair insurance practices in violation of the New Mexico Unfair Insurance Practices Act, N.M. Stat. Ann. §§ 59A-16-1, *et seq.*, and unfair trade practices in violation of the New Mexico Unfair Trade Practices Act, N.M. Stat. Ann. §§ 57-12-1, *et seq.*  (*Id.*)  Defendants filed a counterclaim for a declaratory judgment that the Policy does not cover Plaintiffs' claims.  (*Id.*)

On July 3, 2013, Plaintiffs made a claim for vandalism and theft under the Policy (hereinafter "vandalism claim").  (Doc. 13-1.)  More specifically, Plaintiffs claimed that, on the night of June 30, 2013, thieves broke in to the Property and stole electrical wiring, copper piping, and flooring, and damaged the walls and doors.  (*Id.*)

On April 4, 2014, Plaintiffs filed a motion to amend the complaint in the 2013 Lawsuit to add the vandalism claim.  (Doc. 20-3; Doc. 25.)  In May 2015, New Mexico District Court Judge John F. Davis denied the motion to amend the complaint to add the vandalism claim as

---

[1] On February 1, 2016, the claims against Defendant Baker Insurance Services, L.L.C. were dismissed without prejudice by stipulation. (Doc. 33.) The caption incorrectly identifies Peerless Indemnity Insurance Company as "Peerless Insurance Company." (Doc. 1.)

premature because Defendants had not decided whether to deny the vandalism claim.  (Doc. 1-4.)

On June 25, 2015, Plaintiffs filed a second lawsuit in in the Thirteenth Judicial District Court of the State of New Mexico seeking damages for breach of insurance contract, the tort of bad faith insurance conduct, breach of the covenant of good faith and fair dealing, violation of equitable principles, unfair insurance practices in violation of the New Mexico Unfair Insurance Practices Act, and unfair trade practices in violation of the New Mexico Unfair Practices Act based on both the hail claim and the vandalism claim.  *See Sedillo Electric, et al. v. Colorado Casualty Insurance, et al.*, No. D-1314-CV-2015-00684.  This second lawsuit (hereinafter "2015 Lawsuit") is the case sub judice.

On August 6, 2015, Defendant Liberty Mutual denied the vandalism claim.  (*Id.*)

On September 8, 2015, Plaintiffs filed a Second Motion to Amend the Hail Claim Complaint in the 2013 Lawsuit to add allegations pertaining to the vandalism claim.  (Doc. 1.)  On November 20, 2015, Judge Davis denied the motion.  (*Id.*)

On December 30, 2015, Defendants removed the 2015 Lawsuit to this Court.  (Doc. 1.)  On January 5, 2016, Plaintiff filed an Amended Complaint in the 2015 Lawsuit based on allegations pertaining to both the hail claim and the vandalism claim.  (Doc. 13.)  Therein, Plaintiffs seek damages for claims similar to the previous lawsuits.  (*Id.*)  Additionally, Plaintiffs allege that Defendant Liberty Mutual Insurance Company's waiver, estoppel, and repudiation of contractual damages bars anticipated defenses based on allegations pertaining to both the hail claim and the vandalism claim.  (*Id.*)

On January 20, 2016, Defendants removed the 2013 Lawsuit from the Thirteenth Judicial District Court of the State of New Mexico.  *See Sedillo Electric, et al. v. Colorado Casualty Insurance, et al.*, No.16-cv-0043 MCA/LF.

Defendant Colorado Casualty Insurance Company moves to dismiss all of Plaintiffs' claims against it on the grounds that it did not issue the Policy and it was not involved on the adjustment of the claim or the coverage decisions.  (Doc. 24.)  In their response in opposition to the motion to dismiss, Plaintiffs contend that the allegations of the Amended Complaint establish the plausibility of the claims against Defendant Colorado Casualty Insurance Company.  (Doc. 46.)

## II.     Legal Standard

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides that a defense of "failure to state a claim upon which relief can be granted" may be raised by motion to dismiss.  Fed. R. Civ. P. 12(b)(6).  To withstand a motion to dismiss, a complaint must contain sufficient allegations of fact "to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007).  "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiffs' amended complaint alone is legally sufficient to state a claim for which relief may be granted."  *Brokers' Choice of Am., Inc. v. NBC Universal*, 757 F.3d 1125, 1135–36 (10th Cir. 2014); *Peterson v. Grisham*, 594 F.3d 723, 727 (10th Cir. 2010).  Plaintiffs must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).  In deciding a motion under Rule 12(b)(6), the Court assumes that all of the plaintiffs'

4

well-pleaded factual allegations are true and views them in the light most favorable to the plaintiffs. *Iqbal*, 556 U.S. at 679; *Schwartz v. Booker*, 702 F.3d 573, 579 (10th Cir. 2012).

## III. Discussion

### A. The Court Will Consider the Policy Excerpts Submitted by the Parties

In support of the motion to dismiss, Defendant Colorado Casualty Insurance Company relies on authenticated excerpts of the Policy attached to the Notice of Removal as Exhibit A to the Declaration of Steven Harkness. (Doc. 1-2.) Plaintiffs attach to their response excerpts from the Policy, as well as documents that name Defendant Colorado Casualty Insurance Company such as a proof of claim form and a direct deposit form, and documents suggesting the adjuster who denied the hail claim was employed by Defendant Colorado Casualty Insurance Company. (Docs. 46-1–46-9.) Defendants contend that the Court should disregard Plaintiffs' exhibits other than the Policy excerpts. (Doc. 51.)

"Generally, a district court must convert a motion to dismiss into a motion for summary judgment when matters outside the pleadings are relied upon." *Utah Gospel Mission v. Salt Lake City Corp.*, 425 F.3d 1249, 1253 (10th Cir. 2005); *Burnett v. Mortg. Elec. Registration Sys., Inc.*, 706 F.3d 1231, 1235 (10th Cir. 2013); *Peterson v. Jensen*, 371 F.3d 1199, 1202 (10th Cir. 2004). However, as relevant here, the Court "may consider documents (1) referenced in a complaint that are (2) central to a plaintiff's claims, and (3) indisputably authentic when resolving a motion to dismiss without converting the motion to one for summary judgment." *Thomas v. Kaven*, 765 F.3d 1183, 1197 (10th Cir. 2014); *see also Alvarado v. KOB–TV, LLC*, 493 F.3d 1210, 1215 (10th Cir. 2007); *Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 941–42 (10th Cir. 2002).

The Amended Complaint refers to the Policy, the Policy is central to Plaintiffs' claims, and the parties do not dispute the authenticity of the Policy excerpts. Plaintiffs' other exhibits do

not satisfy these requirements. (Docs. 46-2–46-9.) Under these circumstances, the Court will consider the Policy excerpts, exclude the Plaintiffs' other exhibits, and apply the Rule 12(b)(6) standard. *See* Fed. R. Civ. P. 12(d).

### B. Breach of Contract Claim

Defendant Colorado Casualty Insurance Company argues that the claims against it must be dismissed because it is not a party to the policy. As jurisdiction is based on diversity of citizenship, the Court looks to the law of the forum state, New Mexico, to determine the elements of Plaintiffs' causes of action. *Essex Ins. Co. v. Vincent*, 52 F.3d 894, 896 (10th Cir. 1995). Under New Mexico law, the general rule is that one who is not a party to a contract cannot maintain a suit upon it. *See Strata Prod. Co. v. Mercury Exploration Co.*, 916 P.2d 822, 825 (N.M. 1996) (quoting *Staley v. New*, 250 P.2d 893, 894 (1952)). In support of its argument, Defendant Colorado Casualty Insurance Company relies on *Kreischer v. Armijo*, 884 P.2d 827, 829 (N.M. Ct. App. 1994), which holds that an "agent may be held individually liable for his own tortious acts, whether or not he [or she] was acting for a disclosed principal." *Id.*

Plaintiffs allege in the Amended Complaint that Defendant Liberty Mutual Insurance Company is the corporate owner of Defendant Colorado Casualty Insurance Company and Defendant Peerless Indemnity Insurance Company. (Doc. 13.) Plaintiffs allege they were insured under the "joint insurance policy" issued by Defendants Colorado Casualty Insurance Company, Liberty Mutual Insurance Company, and Peerless Indemnity Insurance Company. (*Id.*) Plaintiffs allege that "Defendant Peerless, the underwriter for Defendants Liberty Mutual, Colorado Casualty and/or Peerless issued the purported policy on September 2, 2010, and . . . renewed the policy through September 2, 2013." (*Id.*) Plaintiffs also allege that "Defendant Peerless, the underwriter for Defendants Liberty Mutual, Colorado Casualty and/or Peerless

issued the purported [P]olicy on September 2, 2010, and . . . renewed the [P]olicy through September 2, 2013." (*Id.*)  Additionally, Plaintiffs allege that the "three defendant insurers as to the hail and . . . vandalism claim[s] have all breached the insurance contract." (*Id.*)  The Policy excerpts state that coverage is provided by Defendant Peerless Indemnity Insurance Company but it includes the name "Colorado Casualty Member of Liberty Mutual Group" at the top of the page.  (Doc. 1-2.)  Defendant Colorado Casualty Insurance Company has the same corporate address as Defendant Peerless Indemnity Insurance Company and Defendant Liberty Mutual Insurance Company.  (Doc. 1.)

    In applying the Rule 12(b) standard, the Court must accept as true all of Plaintiffs' well-pleaded factual allegations view them in the light most favorable to the Plaintiffs. *See Iqbal*, 556 U.S. at 679.  While Defendant Colorado Casualty Insurance Company is mentioned on the face of the Policy, Defendant Peerless Indemnity Insurance Company issued the Policy.  Plaintiffs allege that Defendant Colorado Casualty Insurance Company and Defendant Peerless Indemnity Insurance Company are owned by Defendant Liberty Mutual Insurance Company.  The appearance of "Colorado Casualty Member of Liberty Mutual Group" and the shared corporate address indicates that the three insurers are related corporate entities.  However, the Policy establishes that Defendant Colorado Casualty Insurance Company did not issue the Policy and is not a party to the contract.  The general rule is that a claim for breach of contract can only be brought against a party to a contract. *See Strata Prod. Co.*, 916 P.2d at 825.  In light of these considerations, Plaintiffs have not alleged sufficient facts to state a plausible claim that Defendant Colorado Casualty Insurance Company was a party to the contract.  In that Defendant Colorado Casualty Insurance Company was not a party to the contract, Plaintiffs do not state a plausible claim for breach of contract against Defendant Colorado Casualty Insurance Company.

C.      **Extra-Contractual Claims**

Notably, in *Kreischer*, the case on which Defendant Colorado Casualty Insurance Company relies, a key issue was whether the allegations sounded in tort or in contract. *Kreischer v. Armijo*, 884 P.2d at 829–30.  The New Mexico Court of Appeals observed in *Kreischer*, that under some circumstances, allegations of an extra-contractual nature could support a claim that was separately actionable against an individual who was not a party to the contract.  *Id.* at 830.  In the instant case, Plaintiffs have alleged extra-contractual claims, such as the tort of insurance bad faith, in addition to the breach of contract claim against Defendants Defendants Colorado Casualty Insurance Company, Liberty Mutual Insurance Company, and Peerless Indemnity Insurance Company.  Extra-contractual claims against insurers are well-established under New Mexico law.

New Mexico law holds that the relationship between the insurer and the insured is a "special relationship."  *See Bourgeous v. Horizon Healthcare Corp.*, 872 P.2d 852, 857 (N.M. 1994).  This special relationship provides that an insurer owes a duty of good faith and fair dealing to its insured.  *Id.* at 856–57.  The duty of good faith and fair dealing is non-delegable.  *Jessen v. Nat'l Excess Ins. Co.*, 776 P.2d 1244, 1248 (N.M. 1989).  An insurer cannot avoid this duty by delegating to third parties its essential function of making sure that claims for policy benefits are handled and determined fairly, promptly, and honestly.  *Dellaira v. Farmers Ins. Exchange*, 102 P.3d 111, 115 (N.M. Ct. App. 2004).  Furthermore, an insurer's breach of this duty gives rise to a separate cause of action sounding in tort.  *Id.*

Plaintiffs allege in the Amended Complaint that Defendant Liberty Mutual Insurance Company is the corporate owner of Defendant Colorado Casualty Insurance Company and Defendant Peerless Indemnity Insurance Company.  (Doc. 13.)  Plaintiffs also allege that

"Defendant Peerless, the underwriter for Defendants Liberty Mutual, Colorado Casualty and/or Peerless issued the purported [P]olicy on September 2, 2010, and . . . renewed the [P]olicy through September 2, 2013." (*Id.*)  Additionally, Plaintiffs allege that the "three defendant insurers as to the hail and wind damage and vandalism claim have all breached the insurance contract." (*Id.*)  "The defendants, in numerous ways, have breached the covenant of good faith and fair dealing [and] have further violated the standards of the . . . insurance industry for the continuing investigation and payment of justified . . . claims. (*Id.*)  "The Defendant insurers breached the insurance contract . . . and violated principles of equity, the covenant of good faith and fair dealing and the tort of bad faith insurance conduct . . . ." (*Id.*)

In applying the Rule 12(b) standard, the Court must accept as true all of Plaintiffs' well-pleaded factual allegations and view them in the light most favorable to the Plaintiffs.  *See Iqbal*, 556 U.S. at 679.  As noted above, every insurer owes its insured a non-delegable duty of good faith and fair dealing.  *See Dellaira*, 102 P.3d at 115.  In that Plaintiffs allege that Defendant Colorado Casualty Insurance Company participated in the claims process, the allegations of the Amended Complaint are sufficient to state plausible extra-contractual claims, including but not limited to the tort of bad faith insurance conduct and breach of the covenant of good faith and fair dealing, against Defendant Colorado Casualty Insurance Company.

### D. Statutory Claims

Plaintiff additionally alleges that the conduct of "all the defendants" violated the New Mexico Unfair Insurance Practices Act and the New Mexico Unfair Practices Act. (Doc. 13.) More specifically with respect to the New Mexico Unfair Insurance Practices Act claim, Plaintiffs allege that Defendants failed to competently investigate the hail and vandalism claims, misrepresented facts or policy provisions, failed to adopt reasonable standards for investigation

and processing of claims, failed to attempt in good faith to effectuate settlements where liability was clear, compelled the insureds to institute litigation, failed to provide a reasonable explanation for the denial of the claims, delayed the investigation, wrongfully refused to pay the claims, and made false material statements.  (*Id.*)  With respect to the New Mexico Unfair Practices Act claim, Plaintiffs allege that Defendants made false and misleading statements in connection with coverage of the claims and failed to disclose material facts, which deceived Plaintiffs in connection with insurance coverage and adjustment of the claims.  (Doc. 13.)

Again, this Court must view Plaintiffs' well-pleaded claims in a light most favorable to the Plaintiffs.  *See Iqbal*, 556 U.S. at 679.  The New Mexico Unfair Insurance Practices Act prohibits an insurer from "not attempting in good faith to effectuate prompt, fair and equitable settlements of an insured's claims[.]"  N.M. Stat. Ann. § 59A-16-20(E).  The New Mexico Unfair Insurance Practices Act prohibits a defendant from making false statements in connection with the "sale . . . of . . . services" and that "may, tends to, or does deceive or mislead any person."  *See Stevenson v. Louis Dreyfus Corp.*, 811 P.2d 1308, 1311 (1991) (internal quotation marks and citations omitted).  When accepted as true and viewed in the light most favorable to Plaintiffs, the allegations of the Amended Complaint are sufficient to state plausible claims against Defendant Colorado Casualty Insurance Company for violations of the New Mexico Unfair Insurance Practices Act and New Mexico Unfair Practices Act.

**IV.    Conclusion**

The Court has considered the Policy excerpts, excluded Plaintiffs' other exhibits, and applied the Rule 12(b)(6) standard.  Having accepted as true all factual allegations and having viewed them in the light most favorable to Plaintiffs, the Court has determined that the allegations of the Amended Complaint are insufficient to state a plausible claim for breach of

contract claim against Defendant Colorado Casualty Insurance Company. However, the allegations of the Amended Complaint are sufficient to state plausible extra-contractual and statutory claims against Defendant Colorado Casualty Insurance Company.

**THEREFORE,**

**IT IS ORDERED** that Defendant Colorado Casualty Insurance Company's Motion to Dismiss Plaintiffs' Amended Complaint as to Claims Against Colorado Casualty (Doc. 24) is **GRANTED as to Plaintiffs' breach of contract claim and otherwise DENIED**.

_____
**ROBERT C. BRACK**
**UNITED STATES DISTRICT JUDGE**