## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

**SEDILLO ELECTRIC and**
**TELESFOR SEDILLO,**

        **Plaintiffs,**

**v.**                                **No. 1:15-cv-01172 RB/WPL**

**COLORADO CASUALTY INSURANCE COMPANY,**
**LIBERTY MUTUAL INSURANCE COMPANY,**
**PEERLESS INSURANCE COMPANY, AND**
**BAKER INSURANCE SERVICES, L.L.C.,**

        **Defendants.**

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** came before the Court on Defendants' Motion to Strike All Allegations Pertaining to Alleged Hail and Wind Damage from Plaintiffs' Amended Complaint.  (Doc. 20.) Federal jurisdiction is based on diversity of citizenship.  *See* 28 U.S.C. § 1332(a).  Having considered the submissions of counsel and relevant law, the Court will **DENY** the Motion.

**I.**      **Background**

Plaintiff Telesfor Sedillo is the sole proprietor of Plaintiff Sedillo Electric and the owner of a building located at 1219 Main Street SE, Los Lunas, New Mexico (hereinafter "Property"). (Doc. 13.)  Plaintiffs allege they were insured under the "joint insurance policy" issued by Defendants Colorado Casualty Insurance Company, Liberty Mutual Insurance Company, and

Peerless Indemnity Insurance Company (hereinafter "Defendants").[1]  (Doc. 13.)  Plaintiffs allege that Defendant Peerless Indemnity Insurance Company issued a commercial insurance policy on the Property effective September 2, 2010 and renewed the policy through September 2, 2013 (hereinafter "Policy").  (Doc. 1-2.)

On January 31, 2013, Plaintiffs made a claim for hail damage under the Policy (hereinafter "hail claim").  (Doc. 1.)  On March 22, 2013, Defendant Liberty Mutual denied the hail claim.  (*Id.*)  On December 23, 2013, Plaintiffs filed a lawsuit based on the denial of the hail claim in the Thirteenth Judicial District Court of the State of New Mexico.  *See Sedillo Electric, et al. v. Colorado Casualty Insurance, et al.,* No. D-1214-CV-2013-01427 (hereinafter "2013 Lawsuit").  Therein, Plaintiffs seek damages for breach of insurance contract, the tort of bad faith insurance conduct, breach of the covenant of good faith and fair dealing, violation of equitable principles, unfair insurance practices in violation of the New Mexico Unfair Insurance Practices Act, N.M. Stat. Ann. §§ 59A-16-1, *et seq.*, and unfair trade practices in violation of the New Mexico Unfair Trade Practices Act, N.M. Stat. Ann. §§ 57-12-1, *et seq.*  (*Id.*)  Defendants filed a counterclaim for a declaratory judgment that the Policy does not cover Plaintiffs' claims.  (*Id.*)

On July 3, 2013, Plaintiffs made a claim for vandalism and theft under the Policy (hereinafter "vandalism claim").  (Doc. 13-1.)  More specifically, Plaintiffs claimed that, on the night of June 30, 2013, thieves broke in to the Property and stole electrical wiring, copper piping, and flooring, and damaged the walls and doors.  (*Id.*)

On April 4, 2014, Plaintiffs filed a motion to amend the complaint in the 2013 Lawsuit in order to add the vandalism claim to the 2013 Lawsuit.  (Doc. 20-3; Doc. 25.)  In May 2015, New

---

[1] On February 1, 2016, Defendant Baker Insurance Services, L.L.C. was dismissed without prejudiced by stipulation.  (Doc. 33.)  The caption incorrectly identifies Peerless Indemnity Insurance Company as "Peerless Insurance Company."  (Doc. 1.)

Mexico District Court Judge John F. Davis denied the motion to amend the complaint to add the vandalism claim as premature because Defendants had not decided whether to deny the vandalism claim.  (Doc. 1-4.)

On June 25, 2015, Plaintiffs filed a second lawsuit in in the Thirteenth Judicial District Court of the State of New Mexico seeking damages for breach of insurance contract, the tort of bad faith insurance conduct, breach of the covenant of good faith and fair dealing, violation of equitable principles, unfair insurance practices in violation of the New Mexico Unfair Insurance Practices Act, and unfair trade practices in violation of the New Mexico Unfair Practices Act based on both the hail claim and the vandalism claim.  *See Sedillo Electric, et al. v. Colorado Casualty Insurance, et al.*, No. D-1314-CV-2015-00684.  This second lawsuit (hereinafter "2015 Lawsuit") is the case sub judice.

On August 6, 2015, Defendant Liberty Mutual denied the vandalism claim.  (*Id*.)

On September 8, 2015, Plaintiffs filed a Second Motion to Amend the Hail Claim Complaint in the 2013 Lawsuit to add allegations pertaining to the vandalism claim.  (Doc. 1.) On November 20, 2015, Judge Davis denied the motion.  (*Id*.)

On December 30, 2015, Defendants removed the 2015 Lawsuit to this Court.  (Doc. 1.) On January 5, 2016, Plaintiff filed an Amended Complaint in the 2015 Lawsuit based on allegations pertaining to both the hail claim and the vandalism claim.  (Doc. 13.)  Therein, Plaintiffs seek damages for claims similar to the previous lawsuits.  (*Id*.)  Additionally, Plaintiffs allege that Defendant Liberty Mutual Insurance Company's waiver, estoppel, and repudiation of contractual damages bars anticipated defenses based on allegations pertaining to both the hail claim and the vandalism claim.  (*Id*.)

On January 20, 2016, Defendants removed the 2013 Lawsuit from the Thirteenth Judicial District Court of the State of New Mexico.  *See Sedillo Electric, et al. v. Colorado Casualty Insurance, et al.*, No.16-cv-0043 MCA/LF.

Defendants move to strike all mention of the hail claim in the Amended Complaint, including those in the Parties and General Jurisdiction Paragraph and Paragraphs 5, 6, 13(a), 15, 16, 18(a)-(d), 49, 52, and 54.  (Doc. 20.)  Defendants assert that the allegations pertaining to the hail claim are immaterial and that the Defendants would be prejudiced by defending the hail claim in two proceedings with the possibility of different results.  (*Id.*)  In their response in opposition to the motion to strike, Plaintiffs contend that the allegations relating to the hail claim are intertwined with the factual and legal issues raised in the Amended Complaint.  (Doc. 37.)  In their reply brief, Defendants argue that the hail allegations are immaterial, they would be prejudiced by the inclusion of the hail allegations, and Plaintiff should be judicially estopped from including the hail allegations.  (Doc. 44.)

## II.    Legal Standard

Rule 12(f) of the Federal Rules of Civil Procedure permits a district court to strike from a pleading "any redundant, immaterial, impertinent, or scandalous matter."  Fed. R. Civ. P. 12(f).  Rule 12(f) motions are disfavored and rarely granted "because striking a portion of a pleading is a drastic remedy and because it often is sought by the movant simply as a dilatory or harassing tactic . . . ."  *Salazar v. Furrs, Inc.*, 629 F. Supp. 1403, 1411 (D. N.M. 1986); 5C Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure: Civil*, § 1380 (3d ed. 2011).  It bears underscoring that "the Court will usually deny a motion to strike unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties."  *Nwakpuda v. Falley's, Inc.*, 14 F. Supp. 2d 1213, 1215 (D. Kan. 1998).  Additionally, "if evidentiary facts are

pleaded, and they aid in giving a full understanding of the complaint as a whole, they need not be stricken."  *Id.* at 1215–16.  Ultimately, if the movants meet their burden to show that allegations are not only "redundant, immaterial, impertinent, or scandalous" but also prejudicial, "discretion remains with the Court to grant or deny" the motion to strike.  *Big Cats of Serenity Springs, Inc. v. Vilsack*, 2015 WL 1432069 at *13 (D. Colo. March 25, 2015).

## III.   Discussion

Defendants argue that the Court should strike all allegations pertaining to the hail claim because such allegations are immaterial to the vandalism claim and Defendants would be prejudiced by defending the same claims in two different lawsuits..  Plaintiffs, on the other hand, contend that the allegations and evidence relating to the hail claim are intertwined with the factual and legal issues raised in the Amended Complaint and Defendants are not prejudiced. The Court agrees with Plaintiffs.

First, Defendants have not demonstrated that the allegations concerning the hail claim have "no possible relation" to this case.  *See Nwakpuda*, 14 F. Supp. 2d at 1215.  On the contrary, the allegations are relevant to Plaintiffs' claims.  Under New Mexico law, an insurer has a common law and statutory duty of good faith.  *See* N.M. Stat. Ann. § 59A–16–20(E); *State Farm Ins. Co. v. Fennema*, 110 P.3d 491, 495 (N.M. 2005) (citations omitted).  "The insurer must act reasonably under the circumstances to investigate a claim and to evaluate whether to consent to a settlement . . . ."  *Fennema*, 110 P.3d at 495.  Allegations relating to the hail claim and Defendants' denial of the hail claim are relevant to the question of whether Defendants acted reasonably to investigate and evaluate both the hail claim and the vandalism claim.  Clearly, allegations pertaining to the hail claim are material to Plaintiffs' legal theories of breach of insurance contract, the tort of bad faith insurance conduct, breach of the covenant of good faith

and fair dealing, violation of equitable principles, unfair insurance practices in violation of the New Mexico Unfair Insurance Practices Act, and unfair trade practices in violation of the New Mexico Unfair Practices Act.  Additionally, allegations pertaining to the hail claim "aid in giving a full understanding of the complaint as a whole . . . ."  *See Nwakpuda*, 14 F. Supp. 2d at 1215–16.  Undoubtedly, the allegations pertaining to the denial of the hail claim provide useful information on how Defendants investigate and evaluate claims, including the vandalism claim.

Second, Defendants have not shown that they are prejudiced by the inclusion of the allegations pertaining to the hail claim in this matter.  As Defendants have defended analogous claims in the 2013 Lawsuit, they should have little difficulty duplicating their efforts in the 2015 Lawsuit.  Moreover, Defendants' assertions of prejudice ring hollow as Defendants resisted Plaintiffs' efforts to add the allegations pertaining to the vandalism claim to the 2013 Lawsuit, thereby spawning the 2015 Lawsuit.  The Court notes that any risk of inconsistent results may be averted by consolidation of the two cases.  Indeed, Plaintiffs have filed a motion to consolidate the 2013 Lawsuit with this matter.  Simply put, Defendants have not shown that the allegations pertaining to the hail claim would cause them prejudice.  Moreover, under the circumstances of this case, even if Defendants had met their burdens, the Court would deny the motion to strike in its discretion.

Finally, in their reply brief, Defendants assert that Plaintiffs should be judicially estopped from arguing that the hail claim and the vandalism claim are intertwined since this position is inconsistent with the position Plaintiffs advanced in a request to allow the deposition of the adjuster on the vandalism claim.  (Doc. 44.)  Plaintiffs did not have an opportunity to respond to this argument because Defendants raised the argument in their reply brief.

In the request for the deposition, Plaintiffs' counsel stated:

> While both cases involve a dispute over the denial of insurance claims made by Plaintiffs, the claims are for two (2) different losses suffered by Plaintiffs. This case concerns the denial of coverage under an insurance property for damage caused by vandalism and theft that occurred on June 30, 2013. Whereas, the case insurance defendants rely upon in support of their argument concerns the denial of coverage for wind and hail damage that occurred on May 13, 2012. These two (2) cases contain different claims for different losses.

(Doc. 29.)  United States Magistrate Judge William P. Lynch denied Plaintiffs' request for the deposition without reliance on this statement.  (Doc. 32.)

"The doctrine of judicial estoppel is based upon protecting the integrity of the judicial system by 'prohibiting parties from deliberately changing positions according to the exigencies of the moment.' "  *Bradford v. Wiggins*, 516 F.3d 1189, 1194 (10th Cir. 2008) (quoting *New Hampshire v. Maine*, 532 U.S. 742, 749–50 (2001)).   In determining whether the doctrine of judicial estoppel applies, the Court considers whether "(1) a party's later position is clearly inconsistent with its earlier position; (2) a party has persuaded a court to accept that party's earlier position, so that judicial acceptance of an inconsistent position in a later proceeding would create the perception that either the first or second court was misled; and (3) the party seeking to assert the inconsistent position would derive an unfair advantage if not estopped."  *Mathews v. Denver Newspaper Agency LLP*, 649 F.3d 1199, 1209 (10th Cir. 2011) (quoting *Bradford*, 516 F.3d at 1194 (internal quotations omitted)).

Plaintiffs' counsel's earlier statement is not clearly inconsistent with the position taken by Plaintiffs herein.  Plaintiff has alleged causes of action for breach of insurance contract, the tort of bad faith insurance conduct, breach of the covenant of good faith and fair dealing, violation of equitable principles, unfair insurance practices in violation of the New Mexico Unfair Insurance Practices Act, and unfair trade practices in violation of the New Mexico Unfair Practices Act. This is not inconsistent with the earlier statement by Plaintiffs' counsel that the hail claim differs

7

from the vandalism claim. As Judge Lynch denied the relief requested by Plaintiffs and did not rely on Plaintiffs' earlier statement, there is no danger of a perception that any court was misled. Finally, Plaintiff would not derive an unfair advantage from inclusion of the allegations pertaining to the hail claim in this matter.

## IV.    Conclusion

Defendants have not shown that the allegations pertaining to the hail claim in the Amended Complaint are immaterial. Defendants have not established that they are prejudiced by the inclusion of these allegations in this matter. The doctrine of judicial estoppel is inapplicable. Given that Rule 12(f) motions are disfavored and rarely granted and that Defendants' arguments in favor of the motion to strike are not persuasive, the Court concludes that the motion should be denied.

**THEREFORE,**

**IT IS ORDERED** that Defendants' Motion to Strike All Allegations Pertaining to Alleged Hail and Wind Damage from Plaintiffs' Amended Complaint (Doc. 20) is **DENIED**.

_____

**ROBERT C. BRACK**
**UNITED STATES DISTRICT JUDGE**