IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

SEDILLO ELECTRIC and
TELESFOR SEDILLO,

       Plaintiffs,

v.                                                                                  No. 1:15-cv-01172 RB/WPL

COLORADO CASUALTY INSURANCE COMPANY,
LIBERTY MUTUAL INSURANCE COMPANY,
PEERLESS INSURANCE COMPANY, AND
BAKER INSURANCE SERVICES, L.L.C.,

       Defendants.

MEMORANDUM OPINION AND ORDER

**THIS MATTER** came before the Court on Defendants Colorado Casualty Insurance Company, Liberty Mutual Insurance Company, and Peerless Indemnity Insurance Company's Motion to Dismiss Plaintiffs' Amended Complaint. (Doc. 25.) Plaintiffs oppose the motion. (Doc. 57.) Federal jurisdiction is based on diversity of citizenship. *See* 28 U.S.C. § 1332(a). Having considered the submissions of counsel and relevant law, the Court will **DENY** the motion.

I.     **Background**

Plaintiff Telesfor Sedillo is the sole proprietor of Plaintiff Sedillo Electric and the owner of a building located at 1219 Main Street SE, Los Lunas, New Mexico (hereinafter "Property"). (Doc. 13.) Plaintiffs allege they were insured under the "joint insurance policy" issued by Defendants Colorado Casualty Insurance Company, Liberty Mutual Insurance Company, and

Peerless Indemnity Insurance Company.[1]  (Doc. 13.)  Plaintiffs allege that "Defendant Peerless, the underwriter for Defendants Liberty Mutual, Colorado Casualty and/or Peerless issued the purported policy on September 2, 2010, and . . . renewed the policy through September 2, 2013." (hereinafter "Policy")  (Doc. 1-2.)

On January 31, 2013, Plaintiffs made a claim for hail damage under the Policy (hereinafter "hail claim").  (Doc. 1.)  On March 22, 2013, Defendant Liberty Mutual Insurance Company denied the hail claim.  (*Id.*)  On December 23, 2013, Plaintiffs filed a lawsuit based on the denial of the hail claim in the Thirteenth Judicial District Court of the State of New Mexico. *See Sedillo Electric, et al. v. Colorado Casualty Insurance, et al.,* No. D-1214-CV-2013-01427 (hereinafter "2013 Lawsuit").  Therein, Plaintiffs seek damages for breach of insurance contract, the tort of bad faith insurance conduct, breach of the covenant of good faith and fair dealing, violation of equitable principles, unfair insurance practices in violation of the New Mexico Unfair Insurance Practices Act, N.M. Stat. Ann. §§ 59A-16-1, *et seq.*, and unfair trade practices in violation of the New Mexico Unfair Trade Practices Act, N.M. Stat. Ann. §§ 57-12-1, *et seq.* (*Id.*)  Defendants filed a counterclaim for a declaratory judgment that the Policy does not cover Plaintiffs' claims.  (*Id.*)

On July 3, 2013, Plaintiffs made a claim for vandalism and theft under the Policy (hereinafter "vandalism claim").  (Doc. 13-1.)  More specifically, Plaintiffs claimed that, on the night of June 30, 2013, thieves broke in to the Property and stole electrical wiring, copper piping, and flooring, and damaged the walls and doors.  (*Id.*)

On April 14, 2014, Plaintiffs filed a motion to amend the complaint in the 2013 Lawsuit to add the vandalism claim.  (Doc. 20-3; Doc. 25.)  In May 2015, New Mexico District Court

---

[1] On February 1, 2016, the claims against Defendant Baker Insurance Services, L.L.C. were dismissed without prejudice by stipulation.  (Doc. 33.)  The caption incorrectly identifies Peerless Indemnity Insurance Company as "Peerless Insurance Company."  (Doc. 1.)

Judge John F. Davis denied the motion to amend the complaint to add the vandalism claim as premature because Defendants had not decided whether to deny the vandalism claim. (Doc. 1-4.)

On June 25, 2015, Plaintiffs filed a second lawsuit in the Thirteenth Judicial District Court of the State of New Mexico seeking damages for breach of insurance contract, the tort of bad faith insurance conduct, breach of the covenant of good faith and fair dealing, violation of equitable principles, unfair insurance practices in violation of the New Mexico Unfair Insurance Practices Act, and unfair trade practices in violation of the New Mexico Unfair Practices Act based on both the hail claim and the vandalism claim. *See Sedillo Electric, et al. v. Colorado Casualty Insurance, et al.*, No. D-1314-CV-2015-00684. On the same day, Plaintiffs notified Defendants of the filing of the second lawsuit. (Doc. 57 at 7.) This second lawsuit (hereinafter "2015 Lawsuit") is the case sub judice.

On August 6, 2015, Defendant Liberty Mutual denied the vandalism claim. (*Id.*)

On September 8, 2015, Plaintiffs filed a Second Motion to Amend the Hail Claim Complaint in the 2013 Lawsuit to add allegations pertaining to the vandalism claim. (Doc. 1.) On December 1, 2015, Judge Davis denied the second motion to amend. (*Id.*)

On December 9, 2015, Plaintiffs served the Complaint in the 2015 Lawsuit on Defendant Baker Insurance Services, LLC. (Doc. 3.) On December 22, 2015, Plaintiffs served the Complaint in the 2015 Lawsuit on Defendants Colorado Casualty Insurance Company, Liberty Mutual Insurance Company, and Peerless Indemnity Insurance Company. (*Id.*)

On December 30, 2015, Defendants removed the 2015 Lawsuit to this Court. (Doc. 1.) On January 5, 2016, Plaintiff filed an Amended Complaint in the 2015 Lawsuit based on allegations pertaining to both the hail claim and the vandalism claim. (Doc. 13.) Therein,

Plaintiffs seek damages for breach of insurance contract, the tort of bad faith insurance conduct, breach of the covenant of good faith and fair dealing, violation of equitable principles, unfair insurance practices in violation of the New Mexico Unfair Insurance Practices Act, and unfair trade practices in violation of the New Mexico Unfair Practices Act.  (*Id*.)   Additionally, Plaintiffs allege that Defendant Liberty Mutual Insurance Company's waiver, estoppel, and repudiation of contractual damages bar anticipated defenses based on allegations pertaining to both the hail claim and the vandalism claim.  (*Id*.)

Defendants move to dismiss Plaintiffs' Amended Complaint on the grounds that the Complaint in the 2015 Lawsuit is untimely under the Policy's two-year contractual limitation, for untimely and insufficient service of process, and because the Amended Complaint does not relate back to the Complaint.  (Doc. 25.)   In their response in opposition to the motion to dismiss, Plaintiffs contend that Defendants waived the two-year contractual limitation, the limitation accrued on the date of denial, the Complaint was timely, and the Amended Complaint relates back to the Complaint.  (Doc. 57.)

## II.     Legal Standard

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides that a defense of "failure to state a claim upon which relief can be granted" may be raised by motion to dismiss.  Fed. R. Civ. P. 12(b)(6).   To withstand a motion to dismiss, a complaint must contain sufficient allegations of fact "to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007).   "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiffs' amended complaint alone is legally sufficient to state a claim for which relief may be granted."  *Brokers' Choice of Am., Inc. v. NBC Universal*, 757 F.3d 1125, 1135–36 (10th Cir.

2014); *Peterson v. Grisham*, 594 F.3d 723, 727 (10th Cir. 2010).  Plaintiffs must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).  In deciding a motion under Rule 12(b)(6), the Court assumes that all of the plaintiffs' well-pleaded factual allegations are true and views them in the light most favorable to the plaintiffs.  *Iqbal*, 556 U.S. at 679; *Schwartz v. Booker*, 702 F.3d 573, 579 (10th Cir. 2012).  "At the motion-to-dismiss stage, a complaint may be dismissed on the basis of a statute-of-limitations defense only if it appears beyond a doubt that Plaintiffs can prove no set of facts that toll the statute." *Tello v. Dean Witter Reynolds, Inc.*, 410 F.3d 1275, 1288 n.13 (11th Cir.2005) (internal quotation marks and citations omitted).

III.    **Discussion**

A.      **The Court Will Consider the Policy Excerpt Submitted by Defendants**

In support of the motion to dismiss, Defendants rely on an authenticated excerpt of the Policy.  (Doc. 9-1.)  "Generally, a district court must convert a motion to dismiss into a motion for summary judgment when matters outside the pleadings are relied upon."  *Utah Gospel Mission v. Salt Lake City Corp.*, 425 F.3d 1249, 1253 (10th Cir. 2005); *Burnett v. Mortg. Elec. Registration Sys., Inc.*, 706 F.3d 1231, 1235 (10th Cir. 2013); *Peterson v. Jensen*, 371 F.3d 1199, 1202 (10th Cir. 2004).  However, as relevant here, the Court "may consider documents (1) referenced in a complaint that are (2) central to a plaintiff's claims, and (3) indisputably authentic when resolving a motion to dismiss without converting the motion to one for summary judgment." *Thomas v. Kaven*, 765 F.3d 1183, 1197 (10th Cir. 2014); *see also Alvarado v. KOB– TV, LLC*, 493 F.3d 1210, 1215 (10th Cir. 2007); *Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 941–42 (10th Cir. 2002).  The Amended Complaint refers to the Policy, the Policy is central to

Plaintiffs' claims, and the parties do not dispute the authenticity of the Policy excerpt. Under these circumstances, the Court will consider the Policy excerpt and apply the Rule 12(b)(6) standard. *See* Fed. R. Civ. P. 12(d).

### B.       The 2015 Lawsuit Was Timely

Defendants assert that the 2015 Lawsuit was filed outside the Policy's two-year time-to-sue provision, which states "[n]o one may bring a legal action against us under this Coverage Part unless . . . . [t]he action is brought within 2 years after the date on which the direct physical loss or damage occurred." (Doc. 9-1.)

As jurisdiction is based on diversity of citizenship, the Court looks to the law of the forum state, New Mexico, to determine the substantive law. *Essex Ins. Co. v. Vincent*, 52 F.3d 894, 896 (10th Cir. 1995). In general, the Supreme Court of New Mexico has upheld insurance contract time-to-sue provisions. *See Sanchez v. Kemper Ins. Cos.*, 632 P.2d 343, 345 (N.M. 1981). If it establishes a violation of a time-to-sue provision, the insurer need not show prejudice. *See id*. In this case, the vandalism occurred on June 30, 2013. Plaintiffs filed the Complaint on June 25, 2015. Plaintiffs filed the Complaint within two years of the date on which the vandalism and damage occurred. Thus, the 2015 Lawsuit was brought within the Policy's two-year time-to-sue provision. In that the time-to-sue provision was not violated, it is unnecessary to address Plaintiffs' arguments that Defendants waived application of the time-to-sue provision and that the limitation period accrued on the date of denial.

### C.       Service of Process was Sufficient

Defendants contend that service of process was insufficient because Plaintiffs delayed five months in serving the summons and complaint on them. Defendants were served with process on December 22, 2015 while the matter was in state court. The validity of service in

state court prior to removal is governed by state law.  *See Wallace v. Microsoft Corp.*, 596 F.3d

703, 706 (10th Cir. 2010); *Johnson v. N.T.I., a Div. of Colorado Springs Circuits*, 898 F. Supp.

762, 765 (D. Colo. 1995); 4A Charles A. Wright & Arthur R. Miller, *Federal Practice and*

*Procedure*, § 1082 (2015).  Thus, "[t]he issue of the sufficiency of service of process prior to

removal is strictly a state law issue."  *Lee v. City of Beaumont*, 12 F.3d 933, 937 (9th Cir. 1993).

Therefore, New Mexico law applies in determining the sufficiency of the service of process.

       Under New Mexico law, the time for commencing an action consists of the applicable

limitations period plus a reasonable amount of time for service of process.  *Romero v. Bachicha*,

28 P.3d 1151, 1156 (N.M. 2001).  More specifically, the applicable New Mexico Rule of Civil

Procedure provides that a plaintiff must use reasonable diligence to serve a defendant.  *See* N.M.

Rule Ann. § 1-004(C).  The district court has "discretion to determine whether a delay in service

of process demonstrates a lack of due diligence on the part of a plaintiff based on a standard of

objective reasonableness."  *Graubard v. Balcor Co.*, 999 P.2d 434, 437 (N.M. Ct. App. 2000);

*see also  Prieto v. Home Ed. Livelihood Program*, 616 P.2d 1123, 1127 (N.M. Ct. App. 1980).

The objective reasonableness standard requires the court "to consider the totality of

circumstances and to weigh the actions taken by [the plaintiffs] to obtain service against the

prejudice to the [defendants] resulting from the delay of service."  *Martinez v. Segovia*, 62 P.3d

331, 338 (N.M. Ct. App. 2002).

       In order to determine whether Plaintiffs have been sufficiently diligent in pursuing their

claim, and whether the delay in service was objectively reasonable, the Court must look to the

circumstances surrounding the delay.  *See Graubard*, 999 P.2d at 437.  Plaintiffs notified

Defendants of the 2015 Lawsuit on June 25, 2015, the day it was filed.  (Doc. 57 at 7.)

Defendants were served on December 22, 2015, while the 2015 Lawsuit was pending in state

court.  (Doc. 3 at 83–88.)  During the intervening period, Plaintiffs and Defendants were engaged in the litigation of the 2013 Lawsuit.  (*Id*.)  Therein, Defendants successfully opposed Plaintiffs' two motions to amend the complaint to add allegations concerning the vandalism claim to the 2013 Lawsuit.  (*Id*.)  On December 1, 2015, Judge Davis denied the second motion to amend, and Defendants were served 21 days later.  Under these circumstances, the Court determines that Plaintiffs have pursued the 2015 Lawsuit with sufficient diligence and, even if service of Defendants were to be considered unreasonably delayed, this delay does not warrant a dismissal of the action because Defendants have not suffered prejudice stemming from the delay.

### D.        The Amended Complaint Relates Back to the Complaint

Defendants argue that the Amended Complaint does not relate back to the Complaint. Rule 15(c)(1) of the Federal Rules of Civil Procedure governs the relation back of amendments. Rule 15(c)(1) provides in pertinent part that if the applicable statute of limitations has run, an amended complaint may relate back to the date of the timely filed original complaint when: (A) the law that provides the applicable statute of limitations allows relation back; (B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out in the original pleading.  *See* Fed. R. Civ. P. 15(c)(1).

The rationale underlying Rule 15(c)(1)(B) is that "a party who has been notified of litigation concerning a particular occurrence has been given all the notice that statutes of limitation were intended to provide."  *Baldwin Cnty. Welcome Ctr. v. Brown*, 466 U.S. 147, 149 n.3 (1984) (citation omitted).  As a general rule, amendments will relate back if they amplify the facts previously alleged, correct a technical defect in the prior complaint, assert a new legal theory of relief, or add another claim arising out of the same facts.  *Kidwell v. Bd. of County Comm'rs of Shawnee County*, 40 F.Supp.2d 1201, 1217 (D. Kan. 1998) (internal citations and

quotations omitted).   As long as there is a "factual nexus" between the original and amended complaints, the amended claim "is liberally construed to relate back to the original complaint if the defendant had notice of the claim and will not be prejudiced by the amendment." *Kole v. Smith*, 2015 WL 5026194, at *4 (D. Colo. Aug 24, 2015) (citations omitted).

In this case, the allegations asserted in the Amended Complaint are materially similar to those in the Complaint. In both the Amended Complaint and the Complaint, Plaintiff alleges breach of insurance contract, the tort of bad faith insurance conduct, breach of the covenant of good faith and fair dealing, violation of equitable principles, unfair insurance practices in violation of the New Mexico Unfair Insurance Practices Act, and unfair trade practices in violation of the New Mexico Unfair Practices Act based on both the hail claim and the vandalism claim.   (*Compare* Doc. 3 *with* Doc. 13.)   The only differences are that in the Amended Complaint, Plaintiff provides factual details and additionally alleges that Defendants' anticipated defenses are barred by waiver, estoppel, and repudiation of contractual obligations.  (Doc. 13.) Because the Amended Complaint concerned the same incidents as the Complaint, there is a sufficient factual nexus between the original and amended complaints. Thus, Plaintiffs' Amended Complaint relates back to the original Complaint, which was filed within the contractual limitations period.

## IV.    Conclusion

The Court has considered the Policy excerpt and applied the Rule 12(b)(6) standard.  The 2015 Lawsuit was filed within two years of the date of the vandalism.  Plaintiffs used reasonable diligence in perfecting service on Defendants.  The Amended Complaint relates back to the Complaint.

**THEREFORE,**

**IT IS ORDERED** that Defendants Colorado Casualty Insurance Company, Liberty Mutual Insurance Company, and Peerless Indemnity Insurance Company's Motion to Dismiss Plaintiffs' Amended Complaint (Doc. 25) is **DENIED**.

 

_____

**ROBERT C. BRACK**
**UNITED STATES DISTRICT JUDGE**