IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**SEDILLO ELECTRIC and**
**TELESFOR SEDILLO,**

      **Plaintiffs,**

v.                                                 No. 1:15-cv-01172 RB/WPL

**COLORADO CASUALTY INSURANCE COMPANY,**
**LIBERTY MUTUAL INSURANCE COMPANY,**
**PEERLESS INSURANCE COMPANY, AND**
**BAKER INSURANCE SERVICES, L.L.C.,**

      **Defendants.**

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** came before the Court on Plaintiff's Motion to Consolidate. (Doc. 58.) Federal jurisdiction is based on diversity of citizenship. *See* 28 U.S.C. § 1332(a). Having considered the submissions of counsel and relevant law, the Court will **GRANT** the motion.

**I.**     **Background**

Plaintiff Telesfor Sedillo is the sole proprietor of Plaintiff Sedillo Electric and the owner of a building located at 1219 Main Street SE, Los Lunas, New Mexico ("Property"). (Doc. 13.) Plaintiffs allege they were insured under the "joint insurance policy" issued by Defendants Colorado Casualty Insurance Company, Liberty Mutual Insurance Company, and Peerless Indemnity Insurance Company.[1] (Doc. 13.) Plaintiffs allege that "Defendant Peerless, the underwriter for Defendants Liberty Mutual, Colorado Casualty and/or Peerless issued the

---

[1] On February 1, 2016, the claims against Defendant Baker Insurance Services, L.L.C. in the 2015 Lawsuit were dismissed without prejudice by stipulation. (Doc. 33.) The caption incorrectly identifies Peerless Indemnity Insurance Company as "Peerless Insurance Company." (Doc. 1.)

purported policy on September 2, 2010, and . . . renewed the policy through September 2, 2013." ("Policy")  (Doc. 1-2.)

On January 31, 2013, Plaintiffs made a claim for hail damage under the Policy (hereinafter "hail claim").  (Doc. 1.)  Plaintiffs allege that the damage was caused by a hail storm in the area on May 12, 2013.  (Doc. 1-2.)  On March 22, 2013, Defendant Liberty Mutual Insurance Company denied the hail claim.  (Doc. 1.)  On December 23, 2013, Plaintiffs filed a lawsuit based on the denial of the hail claim in the Thirteenth Judicial District Court of the State of New Mexico.  *See Sedillo Electric, et al. v. Colorado Casualty Insurance, et al.,* No. D-1214-CV-2013-01427 ("2013 Lawsuit").  Therein, Plaintiffs seek damages for breach of insurance contract, the tort of bad faith insurance conduct, breach of the covenant of good faith and fair dealing, violation of equitable principles, unfair insurance practices in violation of the New Mexico Unfair Insurance Practices Act, N.M. Stat. Ann. §§ 59A-16-1, *et seq.*, and unfair trade practices in violation of the New Mexico Unfair Trade Practices Act, N.M. Stat. Ann. §§ 57-12-1, *et seq.*  (*Id.*)  Defendants filed a counterclaim for a declaratory judgment that the Policy does not cover Plaintiffs' claims.  (*Id.*)

On July 3, 2013, Plaintiffs made a claim for vandalism and theft under the Policy ("vandalism claim").  (Doc. 13-1.)  More specifically, Plaintiffs claimed that, on the night of June 30, 2013, thieves broke in to the Property and stole electrical wiring, copper piping, and flooring, and damaged the walls and doors.  (*Id.*)

On April 14, 2014, Plaintiffs filed a motion to amend the complaint in the 2013 Lawsuit to add the vandalism claim.  (Docs. 20-3; 25.)  In May 2015, New Mexico District Court Judge John F. Davis denied the motion to amend the complaint to add the vandalism claim as

premature because Defendants had not decided whether to deny the vandalism claim.  (Doc. 1-4.)

On June 25, 2015, Plaintiffs filed a second lawsuit in the Thirteenth Judicial District Court of the State of New Mexico seeking damages for breach of insurance contract, the tort of bad faith insurance conduct, breach of the covenant of good faith and fair dealing, violation of equitable principles, unfair insurance practices in violation of the New Mexico Unfair Insurance Practices Act, and unfair trade practices in violation of the New Mexico Unfair Practices Act based on both the hail claim and the vandalism claim.  *See Sedillo Electric, et al. v. Colorado Casualty Insurance, et al.*, No. D-1314-CV-2015-00684.  This second lawsuit ("2015 Lawsuit") is the case sub judice.

On August 6, 2015, Defendant Liberty Mutual denied the vandalism claim.  (*Id.*)

On September 8, 2015, Plaintiffs filed a Second Motion to Amend the Hail Claim Complaint in the 2013 Lawsuit to add allegations pertaining to the vandalism claim.  (Doc. 1.)  On December 1, 2015, Judge Davis denied the second motion to amend.  (*Id.*)

On December 30, 2015, Defendants removed the 2015 Lawsuit to this Court.  (Doc. 1.)  On January 5, 2016, Plaintiff filed an Amended Complaint in the 2015 Lawsuit based on allegations pertaining to both the hail claim and the vandalism claim.  (Doc. 13.)  Therein, Plaintiffs seek damages for breach of insurance contract, the tort of bad faith insurance conduct, breach of the covenant of good faith and fair dealing, violation of equitable principles, unfair insurance practices in violation of the New Mexico Unfair Insurance Practices Act, and unfair trade practices in violation of the New Mexico Unfair Trade Practices Act.  (*Id.*)  Additionally, Plaintiffs allege that Defendant Liberty Mutual Insurance Company's waiver, estoppel, and

repudiation of contractual damages bar anticipated defenses based on allegations pertaining to both the hail claim and the vandalism claim.  (*Id.*)

On December 23, 2015, the claims against Defendant Baker Insurance Services, L.L.C. in the 2013 Lawsuit were dismissed without prejudice by stipulation.  (Doc. 1-.)  On January 20, 2016, Defendants removed the 2013 Lawsuit to this Court.  *See Sedillo Electric, et al. v. Colorado Casualty Insurance, et al.,* No. 1:16-cv-0043 MCA/LF.

Plaintiffs move to consolidate the 2013 Lawsuit into the 2015 Lawsuit.  Defendants oppose the motion.

## II.     Standard

"If actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay." Fed. R. Civ. P. 42(a). The objective of Rule 42(a) is "to give the court broad discretion to decide how cases on its docket are to be tried so that the business of the court may be dispatched with expedition and economy while providing justice to the parties.'" *Skaggs v. Level 3 Commc'ns, Inc.*, Case No. 09-CV-02000-PAB-CBS, 2009 WL 458682, at *1 (D. Colo. Feb. 24, 2009) (quoting *Breaux v. Am. Family Mut. Ins. Co.*, 220 F.R.D. 366, 367 (D. Colo. 2004)). The determination of whether to consolidate is vested in the broad discretion of the Court. *Shump v. Balka*, 574 F.2d 1341, 1344 (10th Cir. 1978); *Gillette Motor Transp. v. N. Okla. Butane Co.*, 179 F.2d 711, 712 (10th Cir. 1950).

In deciding whether to consolidate cases, the Court should initially determine that the cases to be consolidated "involv[e] a common question of law or fact." Fed. R. Civ. P. 42(a). If the cases involve a common question of law or fact, the Court should then weigh the interests of judicial convenience in consolidating the cases against the delay, confusion, and prejudice

4


consolidation might cause. *Servants of Paraclete, Inc. v. Great Am. Ins. Co.*, 866 F. Supp. 1560, 1572 (D. N.M. 1994) (citing *Sw. Marine, Inc. v. Triple A Mach. Shop, Inc.*, 720 F. Supp. 805, 807 (N.D. Cal. 1989)). The party moving for consolidation bears the burden of proving that consolidation is desirable. *Servants of Paraclete, Inc.*, 866 F. Supp. at 1572.

**III.    Discussion**

In this case, common questions of law and fact predominate.  In both cases Plaintiffs seek damages for breach of insurance contract, the tort of bad faith insurance conduct, breach of the covenant of good faith and fair dealing, violation of equitable principles, unfair insurance practices in violation of the New Mexico Unfair Trade Insurance Practices Act, and unfair trade practices in violation of the New Mexico Unfair Practices Act.  Consequently, the two lawsuits concern common issues of law.  Both cases involve the same parties and are based on denials of insurance coverage under the same policy on the same property.  Although the claims are not identical and different insurance adjusters were assigned, both lawsuits are based on insurance claims submitted in 2013.  Notably, the 2015 Lawsuit encompasses both the hail claim and the vandalism claim.  As such, separate lawsuits and trials would require duplicative evidence and could possibly result in inconsistent verdicts.

Additionally, considering that both lawsuits are still in the early stages of litigation, consolidation will not delay the resolution of these cases.  Consolidation will conserve the parties' resources, promote judicial economy, eliminate duplication of effort, and prevent inconsistent rulings. In sum, the lawsuits share common questions of fact and law, and the interest of judicial convenience in consolidating the cases outweighs any delay, confusion or prejudice that consolidation might cause.  Plaintiffs have demonstrated that consolidation under Rule 42(a) is appropriate.

**THEREFORE,**

**IT IS ORDERED** that Plaintiff's Motion to Consolidate (Doc. 58) is **GRANTED;**

**IT IS FURTHER ORDERED** that *Sedillo Electric, et al. v. Colorado Casualty Insurance, et al.*, No. 1:16-cv-0043 MCA/LF is consolidated into *Sedillo Electric, et al. v. Colorado Casualty Insurance, et al.*, No. 1:15-cv-1172 RB/WPL for all purposes, including trial; and

**IT IS FURTHER ORDERED** that all pleadings will be filed forthwith in *Sedillo Electric, et al. v. Colorado Casualty Insurance, et al.*, No. 1:15-cv-1172 RB/WPL

_____
**ROBERT C. BRACK**
**UNITED STATES DISTRICT JUDGE**