**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

**SEDILLO ELECTRIC and**
**TELESFOR SEDILLO,**

   **Plaintiffs,**

v.                   No. 1:15-cv-01172 RB/WPL

**COLORADO CASUALTY INSURANCE COMPANY,**
**LIBERTY MUTUAL INSURANCE COMPANY, and**
**PEERLESS INDEMNITY INSURANCE COMPANY,**

   **Defendants,**

Consolidated with:

**SEDILLO ELECTRIC and**
**TELESFOR SEDILLO,**

   **Plaintiffs,**

v.                   No. 1:16-cv-00043 RB/WPL

**COLORADO CASUALTY INSURANCE COMPANY,**
**LIBERTY MUTUAL INSURANCE COMPANY, and**
**PEERLESS INDEMNITY INSURANCE COMPANY,**

   **Defendants.**

**MEMORANDUM OPINION AND ORDER**

   **THIS MATTER** comes before the Court upon Defendants' Motion for Partial Judgment on the Pleadings. (Doc. 118.) Federal jurisdiction is based on diversity of citizenship. *See* 28 U.S.C. § 1332(a). Having considered the submissions of counsel and relevant law, the Court will **DENY** this motion.

**I.**   **Background**

   Plaintiff Telesfor Sedillo is the sole proprietor of Plaintiff Sedillo Electric and the owner of a building located at 1219 Main Street SE, Los Lunas, New Mexico ("Property").

(Doc. 13.) Plaintiffs allege they were insured under the "joint insurance policy" issued by Defendants Colorado Casualty Insurance Company, Liberty Mutual Insurance Company, and Peerless Indemnity Insurance Company. (*Id.*) Plaintiffs allege that "Defendant Peerless, the underwriter for Defendants Liberty Mutual, Colorado Casualty and/or Peerless issued the purported policy on September 2, 2010, and . . . renewed the policy through September 2, 2013." ("Policy") (Doc. 1-2.)

On or about January 29, 2013, Plaintiffs submitted a claim for hail damage under the Policy (hereinafter "hail claim"). (Doc. 1.) Plaintiffs allege that damage was caused by a hail storm in the area on May 13, 2012. (Doc. 1-2.) On March 22, 2013, Defendant Liberty Mutual Insurance Company denied the hail claim. (Doc. 1.) On December 23, 2013, Plaintiffs filed a lawsuit based on the denial of the hail claim in the Thirteenth Judicial District Court of the State of New Mexico. *See Sedillo Elec. v. Colo. Cas. Ins.*, No. D-1214-CV-2013-01427 ("2013 Lawsuit"). Therein, Plaintiffs requested damages for breach of insurance contract, the tort of bad faith insurance conduct, breach of the covenant of good faith and fair dealing, violation of equitable principles, unfair insurance practices in violation of the New Mexico Unfair Insurance Practices Act, N.M. Stat. Ann. §§ 59A-16-1, *et seq.*, and unfair trade practices in violation of the New Mexico Unfair Trade Practices Act, N.M. Stat. Ann. §§ 57-12-1, *et seq.* (*Id.*) Defendants filed a counterclaim for a declaratory judgment that the Policy did not cover Plaintiffs' claims. (*Id.*)

On July 3, 2013, Plaintiffs made a claim for vandalism and theft under the Policy ("vandalism claim"). (Doc. 13-1.) More specifically, Plaintiffs claimed that, on the night of June 30, 2013, thieves broke into the Property and stole electrical wiring, copper piping, and flooring, and damaged the walls and doors. (*Id.*) By April 2014, Defendants had yet to

approve or deny Plaintiffs' vandalism claim, and Plaintiffs filed a motion to amend the complaint in the 2013 Lawsuit to add the vandalism claim. (Docs. 20-3; 25.) In May 2015, New Mexico District Court Judge John F. Davis denied Plaintiffs' motion to amend the complaint as premature because Defendants had still not decided whether to deny the vandalism claim. (Doc. 1-4.)

On June 25, 2015, Plaintiffs filed a second lawsuit in the Thirteenth Judicial District Court of the State of New Mexico seeking damages for breach of insurance contract, the tort of bad faith insurance conduct, breach of the covenant of good faith and fair dealing, violation of equitable principles, unfair insurance practices in violation of the New Mexico Unfair Insurance Practices Act, and unfair trade practices in violation of the New Mexico Unfair Practices Act based on both the hail claim and the vandalism claim. *See Sedillo Elec. v. Colo. Cas. Ins.*, No. D-1314-CV-2015-00684 ("2015 Lawsuit").

On August 6, 2015, Defendant Liberty Mutual denied the vandalism claim. (*Id.*)

On September 8, 2015, Plaintiffs filed a Second Motion to Amend the Hail Claim Complaint in the 2013 Lawsuit to add allegations pertaining to the vandalism claim. (Doc. 1.) On December 1, 2015, Judge Davis denied the second motion to amend the complaint in the 2013 Lawsuit. (*Id.*)

On December 30, 2015, Defendants removed the 2015 Lawsuit to this Court. (Doc. 1.) On January 5, 2016, Plaintiff filed an Amended Complaint in the 2015 Lawsuit based on allegations pertaining to both the hail claim and the vandalism claim. (Doc. 13.) Therein, Plaintiffs requested damages for breach of insurance contract, the tort of bad faith insurance conduct, breach of the covenant of good faith and fair dealing, violation of equitable principles, unfair insurance practices in violation of the New Mexico Unfair Insurance

Practices Act, and unfair trade practices in violation of the New Mexico Unfair Trade Practices Act. (*Id.*) Additionally, Plaintiffs alleged that Defendant Liberty Mutual Insurance Company's waiver, estoppel, and repudiation of contractual damages bar anticipated defenses based on allegations pertaining to both the hail claim and the vandalism claim. (*Id.*)

On December 23, 2015, the claims against Defendant Baker Insurance Services, L.L.C. in the 2013 Lawsuit were dismissed without prejudice by stipulation. (Doc. 1-5.) On January 20, 2016, Defendants removed the 2013 Lawsuit to this Court. *See Sedillo Elec. v. Colo. Cas. Ins.*, No. 1:16-cv-0043 MCA/LF.

Plaintiffs moved to consolidate the 2013 Lawsuit into the 2015 Lawsuit. (Doc. 58.) Defendants opposed the motion. (Doc. 62.) On May 27, 2016, the Court granted the motion to consolidate. (Doc. 71.) On November 16, 2016, Plaintiffs filed a Stipulated Dismissal of Vandalism Claims. (Doc. 126.)

On October 27, 2016, Defendants filed their Motion for Partial Judgment on the Pleadings. (Doc. 118.) Therein, Defendants contend that Plaintiffs' allegations of attorney misconduct and ongoing duty to investigate fail to state claims for breach of contract, bad faith, and statutory violations. Plaintiffs opposed the motion. (Doc. 136.) In their reply brief, Defendants raise the additional argument that Plaintiffs' voluntary dismissal of the vandalism claim dismissed the hail claim. (Doc. 157.) Plaintiff filed a surreply in opposition to this argument. (Doc. 194.)

## II.     Legal Standard

When analyzing a motion for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c), the Court applies the same standard applicable to a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). In order to withstand a motion for judgment on the pleadings or a motion

to dismiss, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. v. Twombly*, 550 U.S. 544, 570 (2007)). The plaintiff must nudge his "claims across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570. The plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). The Court accepts as true all of the factual allegations in the complaint and construes those facts in the light most favorable to the plaintiff. *See Anderson v. Merrill Lynch Pierce Fenner & Smith, Inc.*, 521 F.3d 1278, 1284 (10th Cir. 2008).

### III. Discussion

In their Motion for Partial Judgment on the Pleadings, Defendants ask the Court to dismiss Plaintiffs' claims for breach of contract, bad faith, and violation of the UCPA and UPA for failure to state a claim. (Doc. 118.) After that motion was filed, the parties submitted a Stipulated Dismissal of Vandalism Claims. (Doc. 126.) Defendants argue that because Plaintiffs agreed to the Stipulated Dismissal, the entire case is moot. The Court disagrees.

#### A. Stipulated Dismissal of the Vandalism Claims

Defendants assert that the Stipulated Dismissal of Vandalism Claims dismissed the entire action. Plaintiffs point out that Defendants agreed that only the vandalism claims would be dismissed, Defendants are estopped from abrogating their agreement, and the cases cited by Defendants are inapplicable. Defendants made this novel assertion indirectly in a reply on their Motion for Partial Judgment on the Pleadings.

Rule 41(a)(1)(A)(ii) states that "the plaintiff may dismiss an action without a court order by filing . . . a stipulation of dismissal signed by all parties who have appeared." Fed. R. Civ. P.

41(a)(1)(A)(ii). Defendants argue for the first time in their reply that under this rule, the conditional dismissal language constitutes a waiver of all the remaining federal diversity claims for hail coverage, so all the remaining pending claims should also be dismissed. In the Stipulated Dismissal of Vandalism Claims, however, the parties agreed that the remaining hail damage claims would remain. A great portion of the Defendant's Reply is devoted to the entirely novel argument that Plaintiffs waived their right to continue the hail claim trial, despite the parties' express agreement to preserve the hail claims for trial. Plaintiffs provided the e-mail chain between both parties' counsel that led to the Stipulated Dismissal of Vandalism Claims. (Doc. 162-1) The e-mails make it patently clear that the parties did not intend to drop the hail claims. In one of the e-mails, Defendants' counsel wrote, "Remaining would be all claims related to the bad faith adjustment of the hail claim and the breach of contract on the hail claim?" (Doc. 162-2 at 4.) Allowing Defendants to allege that the Stipulated Dismissal must include the hail claims would be unfair. The attempt to nullify the mutual agreement is barred as a matter of equitable estoppel. *See Westerman v. City of Carlsbad*, 237 P.2d 356, 359 (N.M. 1951) (holding that equitable estoppel occurs when a party engages in "(1) Conduct which amounts to a false representation or concealment of material facts, or, at least, which is calculated to convey the impression that the facts are otherwise than, and inconsistent with, those which the party subsequently attempts to assert; (2) intention, or at least expectation, that such conduct shall be acted upon by the other party; (3) knowledge, actual or constructive, of the real facts.").

The Defendants cannot make a sound argument of confusion between the claims. The e-mails make the terms of the dismissal explicit, and the claims are separately alleged in the

original state hail claim filed in 2013 in State Court. (Doc. 9-2.) There was no ambiguity in the agreement the parties made about the dismissal of the vandalism claim.

Defendants allege that under a plain reading of Rule 41(a)(1)(A)(ii), the entire case must be dropped because stipulated dismissals under that rule always dismiss the entire action and deprive the Court of subject matter jurisdiction. (Doc. 157.) Upon scrutiny, the cases that Defendants rely upon to make this assertion do not support this claim. Indeed, in the cases presented by Defendants, the holdings do not hinge upon this particular issue. In *Gobbo Farms & Orchards v. Pool Chemical Co., Inc*., 81 F.3d 122 (10th Cir. 1996), the Tenth Circuit examined whether the prevailing plaintiff was responsible for fees and costs of the defendants in a negligence claim dismissed shortly prior to trial pursuant to Rule 41(a)(1)(A)(ii). 81 F.3d at 123. The Tenth Circuit did not discuss whether the remaining claims were viable, but rather held that the dismissal in that case was not a voluntary dismissal. *Id*. Defendants also cite to a number of non-precedential cases that mention the rule in unrelated contexts, but do not address the relevant issue in this motion. The cases Defendants present do not address the rule in the context of consolidated actions, and therefore have little bearing on this case. In *Pedroza v. Lomas Auto Mall, Inc.*, Judge Browning held that a Rule 41(a) voluntary dismissal dismisses an entire action against a single defendant because the rule expressly refers to dismissing "an action," and not individual claims or causes of action. 304 F.R.D. 307, 315 (D.N.M. 2014). The underlying facts in *Pedroza* do not support Defendants' claim. There, unlike here, the parties' stipulated dismissals neither incorporated the settlement agreement's terms nor retained jurisdiction with the Court. *Id.* The parties in *Pedroza* were not litigating consolidated claims. In the present case, the parties retained jurisdiction with the Court in the Stipulated Dismissal. (Doc. 126.)

Additionally, the cases the Defendants rely upon discuss unconditional dismissals. *See Smith v. Phillips*, 881 F.2d 902, 904 (10th Cir. 1989). In *Smith*, the Tenth Circuit held that an "unconditional dismissal terminates federal jurisdiction except for the limited purpose of reopening and setting aside the judgment of dismissal within the scope allowed by [Fed. R. Civ. P.] 60(b)." 881 F.2d at 904 (internal citations omitted.) Defendants also cite *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375 (1994). In *Kokkonen*, there was a dispute over whether the trial court had jurisdiction to enforce a settlement agreement that gave rise to the stipulated dismissal. *Id.* at 378. The parties had not provided for the court's enforcement in the stipulated dismissal, so the trial court did not have jurisdiction to enforce the agreement. *Id*. In the present case, however, the dismissal expressly retained jurisdiction. Defendants ultimately argue that because of the voluntary dismissal, this Court no longer has subject matter jurisdiction over any of the claims. As discussed above, this Court does not agree that the Plaintiffs voluntarily dismissed all the pending claims. This Court therefore retains subject matter jurisdiction over the remaining hail claim.

Further, despite their claim that both claims were dismissed pursuant to Rule 41(a)(1)(A)(ii), Defendants proceeded as though the case was ongoing. A brief look at the docket shows that Defendants have filed multiple motions, stipulated to the extension of the deadline to respond to a motion, agreed to the setting of a deposition, and more. Defendants never made a request to file a final judgment under Fed. R. Civ. P. Rule 58, and instead proceeded as though the hail claim remained open.

Here, even if there were some authority that held that the rule requires the dismissal of the case, this Court would apply Fed. R. Civ. P. 60(b)(6). This rule allows the Court to provide relief from a judgment or order in the interest of justice as a matter of equity and

fairness. *See Schmier v. McDonald's LLC*, 569 F.3d 1240, 1242 (10th Cir. 2009). *Schmier* stands for the proposition that relief under Rule 60 is extraordinary and should only be granted in exceptional circumstances, but the circumstances here are exceptional. *Id*. Both of the parties agreed to the dismissal of the vandalism claim, and the exchanges between the parties made it explicitly clear that there was no intention of dismissing the hail claims. To grant Defendants the relief they are seeking on the grounds of a minor technicality would be fundamentally unfair to the Plaintiffs, who fulfilled their responsibility of communicating clearly with the Defendants. Therefore, the Court will not dismiss the entire action based on the Stipulated Dismissal of Vandalism Claims.

**B.     Original Issues in the Motion for Partial Judgment**

1.     *It is premature to determine the New Mexico common law and statutory duty of good faith claims given the ongoing discovery process.*

In their Motion for Partial Judgment on the Pleadings, Defendants ask the Court to hold that the New Mexico common law and statutory duty of good faith does not impose a duty on Liberty Mutual to investigate and pay a claim subsequent to Liberty Mutual's investigation and denial of the claim and Plaintiffs' commencement of litigation. Defendants' claims regarding Plaintiffs' vandalism allegations are moot following the Stipulated Dismissal. The remaining good faith claims are premature. There is a pending Motion to Bifurcate Plaintiffs' Contract Claims from their Extracontractual Claims at Trial. (Doc. 137.) Both parties cite a district court decision wherein Magistrate Judge William Lynch held that (1) the plaintiff in that case did not allege sufficient facts to show that the insurer acted in bad faith or in violation of the New Mexico Unfair Insurance Practices Act; (2) as a matter of apparent first impression under New Mexico law, as predicted by the district court, evidence

9

of attorney's litigation conduct is admissible as evidence of insurer's bad faith in rare cases involving extraordinary facts; and (3) the plaintiff could not introduce the attorney's litigation conduct as evidence of insurer's bad faith. *Sinclair v. Zurich Am. Ins. Co.*, 129 F. Supp. 3d 1252 (D.N.M. 2015).

Because the present case is still in the discovery phase, the Court is not able to address whether the evidence presented by Plaintiffs is admissible. In the Amended Complaint (see below), Plaintiffs allege sufficient facts that, if taken as true, would support a finding that Defendants deviated from the New Mexico common law and statutory duty of good faith. Magistrate Judge Lynch held that he "believe(s) that New Mexico courts would recognize that an insurer's duty to act in good faith does not end when its insured files suit against it, although the insurer and insured begin an adversarial relationship at that time." *Id.* at 1257. Determining whether Defendant had such a duty of good faith after the commencement of litigation is a matter more appropriately addressed after the pending motion to bifurcate is resolved. Magistrate Judge Lynch's third holding is irrelevant until this Court determines whether Defendants had these duties in this case.

    2.    *The factual allegations in the Amended Complaint, if taken as true, show that Defendants plausibly breached their duties to their insured.*

In their Motion for Partial Judgment on the Pleadings, Defendants alleged that the allegations of the Amended Complaint were not well pleaded. Specifically, they allege that Plaintiffs' claims for bad faith and statutory violations based upon Defendants' counsel's post-litigation conduct have no legal basis. The Court disagrees. Plaintiffs' Amended Complaint (Doc. 13) has enough factual matter, if taken as true, to show that Defendants plausibly breached their duties to their insured during the process of this litigation. Plaintiffs

provide examples from the Amended Complaint that go beyond a "formulaic recitation" of legal conclusions. *Twombly*, 550 U.S. at 555. The following allegations from the Amended Complaint would support a continuing duty to the Plaintiffs, despite the onset of litigation:

> 13. Under the policy that insured Sedillo Electric at 1219 Main Street, SE, Los Lunas, New Mexico, in 2013 Sedillo Electric reported two losses:
>     a. The first loss for damage from hail, wind and water loss reported in January 2013 has been determined to have resulted from a hail storm that occurred on May 13, 2012.
> 14. Full repairs have not been made to the building because Liberty Mutual has repeatedly conducted delayed inspections of the property, the last in 2015, and the insureds do not have sufficient monies to pay for the needed repairs.
> 16. When Telesfor filed his original Complaint on December 23, 2013, it was on the basis of Liberty's March 22, 2013 denial letter of Rachel Berg who refused to pay for hail, wind and water damage on the justification that:
> Our review of the engineer's report and photos does not find any evidence of wind or hail damage to this property. Additionally, no reports of a hail storm were found during our research of storms in your area during your policy periods.
> 18. Liberty knew or should have known and now knows that material facts Liberty's Rachel Berg asserted as the basis for hail damage denial were false, unfounded or fabricated and unsupported by evidence subsequently learned of . . .
>     a.    After suit Plaintiffs compelled Liberty to produce the undisclosed engineering report of its roofing expert Tim Hightower that Liberty used as the basis for its denial. The disclosed report revealed that Hightower expressly noted and photographed dents that appeared to be hail damage on the majority of the roof, but nonetheless wrongfully concluded that there was no hail damage because a nearby metal roof was not dented. Liberty now knows, and should have previously known, according to weather reports in Rachel Berg's adjusting file, that the 1996 installed undented 26 gauge metal roof previously endured several reported hail storms with hail stones .75 inches or larger that did not dent the metal roof. To conclude that the last hail storm on May 13, 2012 did not occur because the metal roof was not dented was an unfounded, irrational conclusion.
>     b.    Before suit, Liberty knew or should have known and now knows that there were reports of a hailstorm in the Los Lunas area during Liberty's policy periods. The records of the National Climatic Data Center show that on May 13, 2012 in Belen, New Mexico, less than ten miles from Las Lunas, New Mexico, suffered a hail storm with hail stones measuring 0.75 inches. Yvonne Saavedra, Telesfor's daughter, recalled the May 13, 2012 hail storm, at most 1.23 miles from Telesfor's business. Telesfor's Las Chavez home, located five miles from his business, experienced the hail storm.

>     c. Plaintiffs retained the services of a qualified meteorologist, Dr. Randy J. Lefevre. His report of March 25, 2014 established through contemporaneously timed satellite images, that on May 13, 2012, Los Lunas suffered hail damage.
>     d. On April 7, 2015, Plaintiffs provided Liberty the affidavit of Farmers Insurance's qualified custodian of record that Farmers Insurance paid $26,358.86 on three of six May 13, 2012 hail storm claims. Liberty Mutual's own records show thirteen Belen hail damage claims . . . .

(Doc. 13.)

This Court believes that these allegations, in addition to the others presented in the Amended Complaint, if taken as true, plausibly show that Defendants breached their duties to their insured. The facts are reasonably specific as to dates, locations, and persons. *Twombly*, 550 U.S. at 569. The Court, therefore, declines to grant Defendants' Motion for Partial Judgment on the Pleadings.

**THEREFORE,**

**IT IS ORDERED** that Defendants' Motion for Partial Judgment on the Pleadings (Doc. 118) is denied.

_____
**ROBERT C. BRACK**
**UNITED STATES DISTRICT JUDGE**