IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

SEDILLO ELECTRIC and
TELESFOR SEDILLO,

      Plaintiffs,

v.                                                                                            CV 15-1172 RB/WPL

COLORADO CASUALTY INSURANCE COMPANY,
LIBERTY MUTUAL INSURANCE COMPANY, and
PEERLESS INDEMNITY INSURANCE COMPANY,

      Defendants.

## ORDER ON MOTIONS THAT RELATE TO DISCOVERY

The parties have filed the following motions that relate to discovery:

1. Plaintiffs' motion to extend the deadline for their insurance expert to supplement his opinions on bad faith (Doc 168);

2. Liberty Mutual's motion for protective order concerning Plaintiffs' Rule 30(b)(6) notices (Doc. 200);

3. Plaintiffs' motion to take a second deposition from Julian Leyba (Doc. 206); and

4. Plaintiffs' motion to extend discovery deadlines (Doc. 207).

This Order will resolve these motions. I granted the parties proposed stipulated order and allowed the parties to withdraw Plaintiffs' third motion to compel (Doc. 218) and Liberty Mutual's motion for protective order pertaining to Plaintiffs' motion to depose Mike Westby (Doc. 242).

For their motion to extend the deadline for their insurance expert, Paul Brenkman, to supplement his opinion on the bad faith actions of Liberty Mutual, Plaintiffs assert that Liberty

Mutual has improperly objected to Plaintiffs' discovery requests and has otherwise impeded the discovery process in this case. Plaintiffs specifically complain that Liberty Mutual refused to identify the litigation adjuster that handled Plaintiffs' claim after its denial on March 22, 2013, which, according to Plaintiffs, is contrary to the scheduling order that I entered on July 12, 2016. A cursory review of the order contradicts that assertion. The scheduling order allows Plaintiffs to depose Steve Harkness, his supervisor, Rachel Berg's supervisor, and to take at least one Rule 30(b)(6) deposition. (Doc. 78 at 1.) The scheduling order does not discuss the identity of a litigation adjuster, much less provide for that individual to be deposed. Rule 11(b)(3) requires that factual contentions have evidentiary support, and there is no support for Plaintiffs' counsel's claim that Liberty Mutual's decision not to identify the litigation adjuster is contrary to my scheduling order.[1] Further, I have previously granted Liberty Mutual's motion for protective order as to the identity of the litigation adjuster. (Doc. 220.)

Unfortunately, this type of mis-statement of facts by Plaintiffs' counsel is not a singular occurrence. Plaintiffs' counsel also asserts that the deadline should be extended because "[o]n January 3, 2017, Liberty raised an entirely new defense of 'wear and tear' that cannot be found in its policy." (Doc. 168 at 4.) As Liberty Mutual points out in its Response, Liberty Mutual's expert David Disko discussed "wear and tear" in his first inspection report, which was provided to Plaintiffs on July 6, 2016. (Doc. 175 at 2.) So I cannot grant the motion to extend on this basis.

Although discovery has not run particularly smoothly in this case, the parties have recently agreed that depositions of Mike Westby and Liberty Mutual's Rule 30(b)(6)

---

[1] This is not the first problem I have had with representations made by Plaintiffs' counsel, although the earlier representations related to legal contentions. (*See* Doc. 220 at 7, 8 ("Plaintiffs twist [the holding of *Sinclair*] and attempt to contort the case to fit their narrative"; "Even under the broadest reading, *Jessen* and *Cleveland* do not create such a duty"; and "[t]he factual circumstances of *Barela* differ in the only material way from those of this case").)

representative will be completed by April 7, 2017. (Doc. 224.) In addition, Judge Brack has extended until April 21, 2017 Plaintiffs' deadline to respond to Liberty Mutual's motions for partial summary judgment and declaratory judgment. (Doc. 246.) Under these circumstances, Mr. Brenkman should have the opportunity to review these depositions to supplement his opinions on the bad faith claim. Thus, I will extend until April 21, 2017 the deadline for Plaintiffs to supplement their expert witness disclosures related to their bad faith claims. This ruling also resolves Plaintiffs' motion to extend discovery deadlines. (Doc. 207.)

Liberty Mutual's motion for protective order may be handled more summarily. I have already ruled that Liberty Mutual had no continuing obligation to affirmatively investigate the hail claim after it had been denied and litigation commenced, but had an obligation to assess any new information provided about the claim. (Doc. 220 at 8.) I further granted Liberty Mutual's motion for protective order as to the identity of the litigation adjuster, and affirmed that Liberty Mutual may assert attorney-client and work product privileges to post-litigation conduct. (*Id.*) Mike Westby's deposition has been completed, and the Rule 30(b)(6) deposition is set for April 6, 2017. To the extent there are continuing issues about the Rule 30(b)(6) deposition notice, the parties are to advise of those issues promptly.

Plaintiffs next motion is titled "Motion to Complete the Deposition of Julian Leyba." (Doc. 206.) Mr. Leyba is a fact witness in this case, and his deposition was taken by Plaintiffs on January 26, 2017. According to Plaintiffs' counsel, the deposition "was suspended" by Plaintiffs when it became obvious that exhibits that Plaintiffs' counsel brought to the deposition were not readable and were inaccurate as to two locations. (*Id*. at 1-2.) Plaintiffs' counsel reiterates later in the motion that he "promptly terminated" Mr. Leyba's deposition when the two mistakes were recognized and he "insisted upon the most accurate of testimony." (*Id*. at 5.) In its response,

Liberty Mutual contests these assertions, noting that Mr. Leyba's deposition was not suspended or terminated. (Doc. 219 at 8-9.) In Plaintiffs' reply, counsel claims that nothing he stated in the motion "was proven false or inaccurate." (Doc. 240 at 3.) While counsel spent several pages of the reply contesting the remainder of the assertions made by Liberty Mutual, he never addressed Liberty Mutual's claim that the deposition was never suspended or terminated. (*See id.* at 3-4.)

It is distressing, and another violation of Rule 11, that Plaintiffs' counsel has not rendered an accurate description of how Mr. Leyba's deposition was conducted. The pertinent parts of Mr. Leyba's deposition are attached as exhibits to Plaintiffs' motion and Liberty Mutual's response. (Doc. 206 Ex. 2; Doc. 219 Ex. 1.) Contrary to counsel's repeated assertions, Plaintiffs' counsel never suspended or terminated Mr. Leyba's deposition. Instead, counsel for Plaintiffs and Liberty Mutual completed two rounds of questioning Mr. Leyba, and there is no mention in the transcript that the deposition was being suspended or terminated by Plaintiffs' counsel. Instead, when Liberty Mutual completed its second set of question for Mr. Leyba, Plaintiffs' counsel suggested to Mr. Leyba that he read and sign the deposition so he could resolve an issue about "a different address." (Doc. 206 Ex. 2 at 8 (J. Leyba Dep. 62:5-8); Doc. 219 Ex. 1 at 10 (same).) Plaintiffs' counsel's assertion that he wants to "complete" the deposition is inaccurate; he wants to take a second deposition from Mr. Leyba. Plaintiffs' counsel's mistakes in bringing to the deposition exhibits that were not readable and which contained inaccurate information fall far short of establishing good cause to take a second deposition of Mr. Leyba. *See Roberts v. Oklahoma*, 110 F.3d 74, 1997 WL 163524, at *9-10 (10th Cir. 1997) (unpublished table decision); *State Farm Mut. Auto. Ins. Co. v. New Horizont, Inc.*, 254 F.R.D. 227, 235 (E.D. Pa. 2008). Plaintiffs' motion to take a second deposition from Mr. Leyba is denied.

Therefore, Plaintiffs' motions to extend deadlines are granted as set out above and Plaintiffs' motion to take a second deposition from Julian Leyba is denied.

IT IS SO ORDERED.

_William P. Lynch_
William P. Lynch
United States Magistrate Judge

A true copy of this order was served
on the date of entry--via mail or electronic
means--to counsel of record and any pro se
party as they are shown on the Court's docket.