IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

SEDILLO ELECTRIC and
TELESFOR SEDILLO,

       Plaintiffs,

v.                                     No. 1:15-cv-01172 RB/WPL

COLORADO CASUALTY INSURANCE COMPANY,
LIBERTY MUTUAL INSURANCE COMPANY, and
PEERLESS INDEMNITY INSURANCE COMPANY,

       Defendants,

Consolidated with:

SEDILLO ELECTRIC and
TELESFOR SEDILLO,

       Plaintiffs,

v.                                     No. 1:16-cv-00043 RB/WPL

COLORADO CASUALTY INSURANCE COMPANY,
LIBERTY MUTUAL INSURANCE COMPANY, and
PEERLESS INDEMNITY INSURANCE COMPANY,

       Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court upon Defendants' Motion to Bifurcate Plaintiffs' Contract Claims From Their Extra-Contractual Claims At Trial. (Doc. 137.) Federal jurisdiction is based on diversity of citizenship. *See* 28 U.S.C. § 1332(a). Having considered the submissions of counsel and relevant law, the Court will **GRANT** this motion.

**I.    Background**

Plaintiff Telesfor Sedillo is the sole proprietor of Plaintiff Sedillo Electric and the owner

of a building located at 1219 Main Street SE, Los Lunas, New Mexico ("Property"). (Doc. 13.) Plaintiffs allege they were insured under the "joint insurance policy" issued by Defendants Colorado Casualty Insurance Company, Liberty Mutual Insurance Company, and Peerless Indemnity Insurance Company. (*Id.*) Plaintiffs allege that "Defendant Peerless, the underwriter for Defendants Liberty Mutual, Colorado Casualty and/or Peerless issued the purported policy ("Policy") on September 2, 2010, and . . . renewed the policy through September 2, 2013." (Doc. 1-2.)

On January 31, 2013, Plaintiffs submitted a claim for hail damage under the Policy (hereinafter "hail claim"). (Doc. 1.) Plaintiffs allege that the damage was caused by a hail storm in the area on May 12, 2013. (Doc. 1-2.) On March 22, 2013, Defendant Liberty Mutual Insurance Company denied the hail claim. (Doc. 1.) On December 23, 2013, Plaintiffs filed a lawsuit based on the denial of the hail claim in the Thirteenth Judicial District Court of the State of New Mexico. *See Sedillo Elec. v. Colo. Cas. Ins.*, No. D-1214-CV-2013-01427 ("2013 Lawsuit"). Therein, Plaintiffs requested damages for breach of insurance contract, the tort of bad faith insurance conduct, breach of the covenant of good faith and fair dealing, violation of equitable principles, unfair insurance practices in violation of the New Mexico Unfair Insurance Practices Act, N.M. Stat. Ann. §§ 59A-16-1, *et seq.*, and unfair trade practices in violation of the New Mexico Unfair Trade Practices Act, N.M. Stat. Ann. §§ 57-12-1, *et seq.* (*Id.*) Defendants filed a counterclaim for a declaratory judgment that the Policy does not cover Plaintiffs' claims. (*Id.*)

On July 3, 2013, Plaintiffs made a claim for vandalism and theft under the Policy ("vandalism claim"). (Doc. 13-1.) More specifically, Plaintiffs claimed that, on the night of June 30, 2013, thieves broke in to the Property and stole electrical wiring, copper piping, and flooring,

and damaged the walls and doors. (*Id*.)

On April 14, 2014, Plaintiffs filed a motion to amend the complaint in the 2013 Lawsuit to add the vandalism claim. (Docs. 20-3; 25.) In May 2015, New Mexico District Court Judge John F. Davis denied the motion to amend the complaint to add the vandalism claim as premature because Defendants had not decided whether to deny the vandalism claim. (Doc. 1-4.)

On June 25, 2015, Plaintiffs filed a second lawsuit in the Thirteenth Judicial District Court of the State of New Mexico seeking damages for breach of insurance contract, the tort of bad faith insurance conduct, breach of the covenant of good faith and fair dealing, violation of equitable principles, unfair insurance practices in violation of the New Mexico Unfair Insurance Practices Act, and unfair trade practices in violation of the New Mexico Unfair Practices Act based on both the hail claim and the vandalism claim. *See Sedillo Elec. v. Colo. Cas. Ins.*, No. D-1314-CV-2015-00684 ("2015 Lawsuit").

On August 6, 2015, Defendant Liberty Mutual denied the vandalism claim. (*Id*.)

On September 8, 2015, Plaintiffs filed a Second Motion to Amend the Hail Claim Complaint in the 2013 Lawsuit to add allegations pertaining to the vandalism claim. (Doc. 1.) On December 1, 2015, Judge Davis denied the second motion to amend the complaint in the 2013 Lawsuit. (*Id*.)

On December 30, 2015, Defendants removed the 2015 Lawsuit to this Court. (Doc. 1.) On January 5, 2016, Plaintiff filed an Amended Complaint in the 2015 Lawsuit based on allegations pertaining to both the hail claim and the vandalism claim. (Doc. 13.) Therein, Plaintiffs requested damages for breach of insurance contract, the tort of bad faith insurance conduct, breach of the covenant of good faith and fair dealing, violation of equitable principles, unfair insurance practices in violation of the New Mexico Unfair Insurance Practices Act, and

unfair trade practices in violation of the New Mexico Unfair Trade Practices Act. (*Id*.) Additionally, Plaintiffs alleged that Defendant Liberty Mutual Insurance Company's waiver, estoppel, and repudiation of contractual damages bar anticipated defenses based on allegations pertaining to both the hail claim and the vandalism claim. (*Id*.)

On December 23, 2015, the claims against Defendant Baker Insurance Services, L.L.C. in the 2013 Lawsuit were dismissed without prejudice by stipulation. (Doc. 1-5.) On January 20, 2016, Defendants removed the 2013 Lawsuit to this Court. *See Sedillo Elec. v. Colo. Cas. Ins.*, No. 1:16-cv-0043 MCA/LF.

Plaintiffs moved to consolidate the 2013 Lawsuit into the 2015 Lawsuit. (Doc. 58.) Defendants opposed the motion. (Doc. 62.) On May 27, 2016, the Court granted the motion to consolidate. (Doc. 71.) On August 17, 2016, the Court set the matter for jury selection and trial to be held on December 11, 2017. (Doc. 89.) On November 16, 2016, Plaintiffs filed a Stipulated Dismissal of Vandalism Claims. (Doc. 126.)

Defendants move to bifurcate the trial of Plaintiffs' breach of contract and coverage claim (hereinafter "breach of contract claim") from the trial of the bad faith and other extra-contractual claims (hereinafter "extra-contractual claims"). Plaintiffs oppose the motion.

## II.    Legal Standard

Rule 42(b) of the Federal Rules of Civil Procedure provides: "For convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims. When ordering a separate trial, the court must preserve any federal right to a jury trial." Fed. R. Civ. P. 42(b). The trial court has "broad discretion in deciding whether to sever issues for trial and the exercise of that discretion will be set aside only if clearly abused." *United States ex rel. Bahrani v. ConAgra,*

*Inc.*, 624 F.3d 1275, 1283 (10th Cir. 2010). "Bifurcation is not an abuse of discretion if such interests favor separation of issues and the issues are clearly separable." *Angelo v. Armstrong World Indus., Inc.*, 11 F.3d 957, 964 (10th Cir. 1993). The Tenth Circuit has suggested that the bifurcation analysis should focus on three central elements: (1) judicial economy, (2) whether the issues are separable, and (3) prejudice. *See id.* at 964-65.

## III. Discussion

Bifurcation of the trial in this case is appropriate because (1) bifurcation of the trial will promote judicial economy as the extra-contractual claims are contingent on the breach of contract claim, (2) the breach of contract claim is separable from the extra-contractual claims, and (3) bifurcation of the trial will avoid the danger of unfair prejudice to Defendants.

### A. Judicial economy

Bifurcation is in the interest of judicial economy when the resolution of one claim may eliminate the need to adjudicate one or more other claims. *See Mandeville v. Quinstar Corp.*, 109 F. App'x. 191, 194 (10th Cir. 2004) (holding that the district court properly bifurcated the issue of piercing the corporate veil from breach of contract and Title VII claims because trial on the piercing the corporate veil claim would have been unnecessary absent a ruling in plaintiff's favor on the underlying claims); *Amato v. City of Saratoga Springs*, 170 F.3d 311, 316 (2d Cir. 1999) (holding that the district court properly bifurcated the excessive force claims against police officers from claims against the city and the police department because a jury verdict in favor of the police officers would eliminate the need to litigate the issues against the city defendants).

In this case, Plaintiffs' extra-contractual claims are contingent on Plaintiffs prevailing on the breach of contract claim. Unless and until Plaintiffs establish that they are legally entitled to coverage under the insurance policy, they may not recover on their extra-contractual claims.

Additionally, if resolution of the breach of contract claim shows that Liberty Mutual had reasonable grounds for its handling of the hail claim, the extra-contractual claims would be moot. Accordingly, bifurcation of the trial will promote judicial economy.

### B. Separable

Bifurcation of the trial is appropriate "if such interests favor separation of the issues and the issues are clearly separable." *Palace Exp. Co. v. Petroleum Dev. Co.*, 316 F.3d 1110, 1119 (10th Cir. 2003) (quotation omitted). In this case, bifurcation of the trial is appropriate because the breach of contract claim is separable from the extra-contractual claims as they involve different questions of law and fact and require different witnesses and proof. For instance, Plaintiffs' breach of contract claim considers whether Plaintiffs are entitled to coverage under the insurance policy for the hail claim. The witnesses for this claim will include Plaintiff Telesfor Sedillo and other liability witnesses, as well as meteorology, roofing, and building repair experts with respect to causation and compensatory damages. In this first trial, the jury will conclusively establish whether Plaintiffs are entitled to coverage under the insurance policy and, if so, the amount of damages Plaintiffs are legally entitled to recover.

On the other hand, Plaintiffs' extra-contractual claims concern the issues of whether Liberty Mutual acted in bad faith or in violation of state statutes by not paying Plaintiffs' claims. The witnesses at the second trial would include Liberty Mutual's adjuster and other representatives as well as experts on claims handling. Clearly, Plaintiffs' breach of contract claim and extra-contractual claims concern different issues of fact and law, different testimony, and different witnesses. Therefore, bifurcation of the trial is appropriate because the breach of contract claim is separable from the extra-contractual claims, which require different witnesses and evidence.

### C. Prejudice

Finally, bifurcation of the trial will prevent the danger of unfair prejudice to Defendants. *See Shugart v. Central Rural Elec. Co-op.*, 110 F.3d 1501, 1504 (10th Cir. 1997) (holding that bifurcation is appropriate when the plaintiff seeks punitive damages); *Scheufler v. Gen. Host Corp.*, 895 F. Supp. 1411, 1414 (D. Kan. 1995) (same); *Oulds v. Principal Mut. Life Ins. Co.*, 6 F.3d 1431, 1435 (10th Cir. 1993) (affirming the trial court's decision to bifurcate a contract claim from a bad faith claim in order to avoid prejudice to the insurer). Plaintiffs seek punitive damages through their extra-contractual claims. Notably, evidence in support of punitive damages is not relevant to the breach of contract claims. *See Clay v. Ferrellgas, Inc.*, 881 P.2d 11, 12 (N.M. 1994) (holding that the purpose of evidence in support of punitive damages is to punish defendants and to deter undesirable conduct). Evidence relevant to the punitive damage claims may be prejudicial to Defendants' ability to defend the breach of contract claim. Presentation of such evidence only after a determination of the breach of contract claim would eliminate any possibility that the jury could consider the evidence for an improper purpose. Conversely, there is no reason to believe that bifurcation would prejudice Plaintiffs. Under these circumstances, bifurcation of the trial will prevent the danger of unfair prejudice to Defendants.

### D. Plaintiffs' request for attorneys' fees and costs

In their response brief in opposition to Defendants' motion to bifurcate, Plaintiffs request an award of attorneys' fees and costs incurred in responding to Plaintiffs' motion to bifurcate pursuant to both 28 U.S.C. § 1927 and the Court's inherent authority. *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 44–46 (1991). Defendants oppose the request and maintain that there is no basis to award Plaintiffs' attorneys' fees and costs.

The Tenth Circuit has explained that an award of attorneys' fees and costs is appropriate when an attorney "acts recklessly or with indifference to the law . . . is cavalier or bent on misleading the court; intentionally acts without a plausible basis; [or] when the entire course of the proceedings was unwarranted." *Dominion Video Satellite, Inc. v. Echostar Satellite L.L.C.*, 430 F.3d 1269, 1278 (10th Cir. 2005) (quotations and citations omitted; alteration in original); *see also Steinert v. Winn Group, Inc.*, 440 F.3d 1214, 1224–25 (10th Cir. 2006) (noting that § 1927 is designed to "incentiv[ize] attorneys to regularly re-evaluate the merits of their claims and to avoid prolonging meritless claims"). "Actions are considered vexatious and unreasonable if the attorney acts in bad faith . . . or if the attorney's conduct constitutes a reckless disregard for the duty owed by counsel to the court." *Shackelford v. Courtesy Ford, Inc.*, 96 F. Supp. 2d 1140, 1144 (D. Colo. 2000).

Plaintiffs assert that defense counsel engaged in vexatious conduct by filing the motion to bifurcate the trial because the state court denied Defendants' motion to bifurcate and stay discovery filed on March 7, 2014, in the 2013 Lawsuit. (Doc. 139-1.) It bears underscoring that the earlier motion sought to bifurcate and stay the discovery phase of the lawsuit, whereas Defendants' current motion seeks to bifurcate the trial. (*Id.*) It is also material that Defendants filed the motion to bifurcate and stay discovery at an early stage of the proceedings. The circumstances have changed considerably since the motion to bifurcate and stay discovery was filed. Given the present posture of the matter, defense counsel did not engage in vexatious conduct in connection with the motion to bifurcate the trial. The Court is satisfied that the motion to bifurcate the trial did not multiply the proceedings "unreasonably and vexatiously." *See Steinert*, 440 F.3d at 1225. Accordingly, Plaintiffs' request for attorneys' fees and costs will be denied.

## IV. Conclusion

Bifurcation of the trial in this case is appropriate because (1) bifurcation of the trial will promote judicial economy as extra-contractual claims are contingent on the breach of contract claim, (2) the breach of contract claim is separable from the extra-contractual claims, and (3) bifurcation of the trial will avoid the danger of unfair prejudice to Defendants. Defense counsel did not engage in vexatious conduct in connection with the motion to bifurcate the trial and an award of attorneys' fees and costs is not warranted.

**THEREFORE,**

**IT IS ORDERED** that Defendants' Motion to Bifurcate Plaintiffs' Contract Claims From Their Extra-Contractual Claims At Trial (Doc. 137) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiffs' request for attorneys' fees and costs is **DENIED**.

_____
**ROBERT C. BRACK**
**UNITED STATES DISTRICT JUDGE**